665 So.2d 467 (1995)
STATE of Louisiana
v.
Nathaniel JACKSON.
No. 95-KA-423.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1995.
John M. Mamoulides, District Attorney (Terry M. Boudreaux, Assistant District Attorney, Louise Korns, of counsel), 24th Judicial District, Parish of Jefferson, Gretna, for Plaintiff/Appellee.
Bruce G. Whittaker, 24th Judicial District, Indigent Defender Board, Gretna, for Defendant/Appellant.
Before BOWES, GRISBAUM and GOTHARD, JJ.
GOTHARD, Judge.
Nathaniel Jackson, defendant herein, appeals his conviction on a charge of armed robbery, and his conviction and sentence as a multiple offender. We affirm the convictions, vacate the sentence and remand the matter.
Defendant was charged by bill of information filed on May 2, 1994 with armed robbery *468 in violation of LSA-R.S. 14:64. At his arraignment on June 15, 1994 he entered a plea of not guilty. At a bench trial on October 5, 1994, he was found guilty as charged. He was sentenced on October 12, 1994, to serve 30 years at hard labor without benefit of parole, probation or suspension of sentence, and was given credit for time served.
On November 21, 1994 the state filed a bill of information charging the defendant with being a multiple offender and requesting sentencing in accordance with LSA-R.S. 15:529.1. After a hearing on February 15, 1995, the court adjudicated the defendant as an habitual offender and resentenced him to serve 66 years at hard labor without benefit of parole, probation or suspension of sentence, with credit for time served. A timely motion for appeal was filed.
At trial the victim, Carolyn Harvey, testified that she was in front of her apartment in Metairie, searching the trunk of her car for a flashlight at about 9:30 on the evening of April 11, 1994. She was approached by a man who stuck a gun in her back and demanded money. Ms. Harvey told the man that she had $5.00 in her left pocket. The man took the money from the victim's pocket and told her not to move. Ms. Harvey turned around enough to see the gunman's profile as he moved away. Ms. Harvey also testified that she saw the perpetrator drop something about 20 yards away as he began to run. Ms. Harvey went inside her apartment, but returned shortly thereafter to retrieve the item, a wallet. The victim called police, reported the incident, and gave them the wallet. Ms. Harvey identified the defendant in a photo lineup as the man who robbed her, and she verified that identification at trial.
Deputy Kenneth Latour, of the Jefferson Parish Sheriff's Office, testified that he investigated the incident. He related the facts that were conveyed to him by the victim, which are consistent with her testimony. Deputy Latour said Ms. Harvey gave him the wallet that she found on the ground where the fleeing gunman dropped it. The wallet contained no picture identification; however, it did contain several check stubs with the name, "Nathaniel Jackson" on them.
Deputy Latour turned the wallet over to Detective Todd Vignes of the Jefferson Parish Sheriff's Office. Detective Vignes testified that he found the name "Nathaniel Jackson" and a telephone number in the wallet. Further investigation based on that evidence led the detective to the defendant, who was arrested in his home in St. Charles Parish. Detective Vignes compiled a photo lineup, which was shown to the victim, resulting in a positive identification.
The defendant took the stand in his own defense at trial. He testified that he was trying to get to his home in Destrehan, but had no money. He approached a young boy and asked him to call his mother and have her come outside of her home. When the woman came outside, the defendant asked her for $5.00 so that he could "get back home". He agreed to allow the woman to hold his wallet until he could return and repay the $5.00. When the woman gave him the money, defendant left.
After hearing all of the testimony and viewing the physical evidence, the trial court found the defendant guilty as charged, and this appeal ensued. In brief to this court the defense counsel assigns two errors as follows:
1. The trial court erred in permitting the defendant to proceed to trial before the judge alone without first obtaining from him an adequate waiver of his right to trial by jury.
2. Also assigned as error are any and all errors patent on the face of the record.
In the first assignment, the defendant argues that he did not waive his right to a jury trial as required.
The Louisiana Constitution Article 1 § 17, and the Louisiana Code of Criminal Procedure Article 782 provide that a case, in which the punishment is necessarily confinement at hard labor, must be tried before a jury composed of twelve persons. Whoever commits the crime of armed robbery shall be imprisoned at hard labor. La.R.S. 14:64B. Waiver of the right to a jury trial is never presumed. State v. McCarroll, 337 So.2d 475 (La.1976); State v. Bouche, 485 So.2d 950, 952 (La.App. 5th Cir.1986). Since defendant *469 was tried by a judge and was convicted of armed robbery, the record must reflect that he expressly waived his right to trial by a jury.
Herein, defendant is mistaken in his assertion that there was no express waiver of his right to a jury trial. The minute entry of the first day of trial indicates that "Defendant Waived Jurors [sic]." Also, the appellate record was supplemented, upon the state's request, with a transcript of a colloquy held on the morning prior to the beginning of trial. That transcript shows that defendant was adequately advised by the trial court of his right to a jury trial. This colloquy also reflects that defendant made a voluntarily decision to waive this right to a jury trial and to have a trial by the judge. Therefore, we find no merit in this assignment.
We have made a review of the record for errors patent as requested in defendant's second assignment. The Louisiana Code of Criminal Procedure article 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
From our review of the record, we have found two patent errors. We first note that the original sentence of 30 years was not vacated by the trial court before the enhanced sentence on the multiple bill was imposed.
LSA-R.S. 15:529.1 D(3) provides that:
When the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling. (Emphasis added)
This court has consistently ruled that, where the original sentence on the underlying offense has not been vacated at the time of sentencing defendant as an habitual offender, the original sentence remains in effect and the subsequent sentence as a multiple offender is null and void. State v. Henderson, 94-286 (La.App. 5 Cir. 12/14/94), 648 So.2d 974, 979; State v. Dearmas, 606 So.2d 567 (La.App. 5th Cir.1992). See also: State v. Walker, 416 So.2d 534 (La.1982); State v. Moffett, 572 So.2d 705 (La.App. 4th Cir.1990).
We further find that the trial court did not inform defendant of the prescriptive period for post-conviction relief as is mandated by the Louisiana Code of Criminal Procedure article 930.8 C.[1] Failure to inform defendant does not constitute grounds for reversing the sentence or remanding the case for resentencing (La.C.Cr.P. art. 921). However, because the sentence must be vacated and the matter remanded for the previously explained reason, the trial court is instructed to take notice of this error.
For the foregoing reasons, the defendant's convictions on both the armed robbery and the habitual offender charges are affirmed. Defendant's sentence is vacated and the matter remanded for resentencing in accordance with this opinion.
*470 CONVICTIONS AFFIRMED, SENTENCE VACATED, MATTER REMANDED.
NOTES
[1] Art. 930.8 C provides that "[a]t the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief."