JaFITZSIMMONS, Judge.
Plaintiff, Barry Hudson, was sentenced on September 25, 1990 for purse snatching. On September 27, 1990, Mr. Hudson was adjudicated an habitual defendant and sentenced to ten years. The minutes of September 27, 1990, as well as the commitment form, related that the original sentence was vacated and a new sentence meted out to Mr. Hudson as an habitual offender. However, we note that in the sentencing transcript, the judge failed to set aside the original sentence.
Mr. Hudson wanted the Department of Corrections to recognize his eligibili *703 ty for “good-time” under his original sentence. The department argued that Mr. Hudson was not eligible for “good-time”: he was an habitual offender. After completion of the administrative review process, suit was filed in the Nineteenth Judicial District Court. All parties agreed to have the case decided by the commissioner. The commissioner found that the commitment form showed that the original sentence had been set aside. Thus, the habitual offender sentence was proper. The defendant was not improperly denied “good-time.” A judgment was signed by Judge J. Michael McDonald on July 15, 1996. Mr. Hudson appealed. We reverse.
La.R.S. 15:529.1 D(3) states, in part, as follows: “When the judge finds that [defendant] has been convicted of a prior felony ..., the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.” (emphasis added) If the court failed to vacate the original sentence at the time of the sentencing of defendant as an habitual offender, the original sentence remains in effect and the subsequent sentence as a multiple offender is null and void. State v. Jackson, 95-423, p. 6 (La.App. 5th Cir. 11/15/95), 665 So.2d 467, |3469 (and eases cited therein). The defendant can receive only one sentence for the underlying crime. In the event of a conflict between the minutes and the sentencing transcript, on an issue relative to sentencing, the transcript controls. State v. Fisher, 628 So.2d 1136, 1138 n. 1 (La.App. 1st Gir.1993), writs denied, 94-0226 (La.5/20/94), 637 So.2d 474 & 94-0321 (La.5/20/94), 637 So.2d 476.
In this case, the sentencing transcript clearly showed that the original sentence was not vacated. Therefore, the original sentence is in effect. See State v. Jackson, 95-423 at p. 6, 665 So.2d at 469. Mr. Hudson is entitled to any rights or procedures flowing from the original sentence.
The judgment holding that Mr. Hudson was properly sentenced under La.R.S. 15:529.1 as an habitual offender is reversed. The costs of the proceedings, $753.38, are assessed to the State of Louisiana, Department of Public Safety and Corrections. The department was represented in the original suit through Edgar C. Day, Warden, et al.[2]
REVERSED.

. The suit was originally styled Barry Hudson v. Edgar C. Day, Warden; Clara Wells, Records Analyst; and Richard Stalder, Secretary, et al. The named defendants represented the State of Louisiana, Department of Public Safety and Corrections, who answered the suit. Although the suit number, 416146, remained the same, the judgment, motion for appeal, and the record cover are entitled Barry Hudson v. Steve Radar, et al. Because we find no filed substitution of parties in the record, we adopt the original heading of Barry Hudson v. Edgar C. Day, Warden, et al. We order the clerks of the Nineteenth Judicial District Court and the First Circuit to make the necessary changes in the records.