712 So.2d 287 (1998)
STATE of Louisiana
v.
John E. LONDON.
No. 98-KA-65.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Allison Wallis, Quentin P. *288 Kelly, Assistant District Attorneys, Gretna, for Plaintiff/Appellee.
Bertha M. Hillman, Louisiana Appellate Project, Thibodaux, for Defendant/Appellant.
Before GRISBAUM, GOTHARD and DALEY, JJ.
GOTHARD, Judge.
Defendant, John London, filed this appeal after his conviction for simple burglary in violation of LSA-R.S 14:62, and sentence as a multiple offender. The record shows that London was arrested on July 6, 1995 after he was observed taking a hammer drill from a van owned by Mr. Alfred Vincent. Mr. Vincent confronted London and was able to wrestle the drill away from him and hold him until the police officers arrived on the scene.
Defendant was charged with simple burglary, by bill of information filed on November 2, 1995, and pled not guilty. After a jury trial on the merits held on January 30, 1997, he was found guilty as charged[1]. On April 29, 1997, the state filed a bill of information charging London with being a fourth felony offender pursuant to LSA-R.S. 15:529.1.
On June 17, 1997, defendant was sentenced on the simple burglary conviction to serve twelve years at hard labor, to run concurrently with a sentence he was already serving in a separate matter. On December 17, 1997, defendant entered a plea of guilty to being a second felony offender, and was sentenced to serve twelve years at hard labor in conformance with a plea agreement made between defendant and the state.
In brief to this Court defendant assigns two errors. In the first assignment he asserts that his sentence is excessive. In his second assignment, defendant brings several errors patent on the face of the record to the attention of this Court. One of those errors is that the trial court failed to vacate the original sentence before imposing an enhanced sentence on the multiple bill, thereby rendering the enhanced sentence null and void. The state concedes that error.
LSA-R.S. 15:529.1(D)(3) requires the court to vacate the previous sentence if already imposed, before sentencing the defendant as a multiple offender. Any sentence imposed for the substantive offense prior to the filing of an habitual offender charge is to be vacated coincidentally with imposition of the enhanced penalty. State v. White, 354 So.2d 1360, 1360 (La.1978). Where the original sentence on the underlying offense has not been vacated at the time of defendant's sentencing as an habitual offender, the original sentence remains in effect and the subsequent sentence as a multiple offender is null and void. State v. Carter, 96-358, (La.App. 5 5th Cir. 11/26/96), 685 So.2d 346, 353-354.
In the instant matter, the defendant was sentenced to serve twelve years at hard labor on June 13, 1997 for the original conviction of the simple burglary. On December 17, 1997, after the he admitted to being a second felony offender, the trial court sentenced defendant to twelve years at hard labor, failing to vacate the original sentence. Accordingly, the multiple offender sentence is null and void, and the only sentence currently in effect in this matter is the sentence imposed on June 13, 1997.
Other errors patent include the trial court's failure to give credit for time served, and the failure to inform defendant of the prescriptive period for post conviction relief as mandated by LSA-C.Cr.P. article 930.8C. Because the enhanced sentence is null and void, we remand for re-sentencing on the multiple bill with instructions to the trial court to consider these errors patent in resentencing the defendant.
Defendant also requests a review of the sentence for excessiveness. Because we have found the enhanced sentence invalid, any review of that sentence for excessiveness is inappropriate. As to the original sentence, we note that defendant has failed to file a Motion to Reconsider Sentence on the original sentence in accordance with LSA-C.Cr.P. *289 article 881.1. Failure to make such a motion precludes the defendant from raising an objection to the sentence on appeal. LSA-C.Cr.P. article 881.1D.
For the foregoing reasons, we affirm the conviction on the simple burglary charge and the adjudication on the multiple offender bill of information. We vacate the enhanced sentence and remand the matter for re-sentencing on the multiple bill.
CONVICTION AFFIRMED; ADJUDICATION AS A MULTIPLE OFFENDER AFFIRMED; SENTENCE VACATED; MATTER REMANDED.
NOTES
[1] There is some confusion in the minute entries regarding the date of trial and conviction. Although a detailed minute entry indicates the defendant was tried and convicted on February 5, 1997, and the sentencing form reflects that date; the verdict form and a copy of the transcript indicate the trial was actually held on January 30, 1997.