814 So.2d 6 (2001)
STATE of Louisiana
v.
Kenneth JACKSON.
No. 2000 KA 0717.
Court of Appeal of Louisiana, First Circuit.
February 16, 2001.
Writ Denied March 15, 2002.
*8 Doug Moreau, District Attorney, Baton Rouge, by Dana Cummings, Assistant District Attorney, for Appellee, State of Louisiana.
Edward Bauman, Baton Rouge, for Defendant/Appellant, Kenneth Jackson.
Before: CARTER, C.J., FOIL, GONZALES, WHIPPLE, FOGG, PARRO, FITZSIMMONS, KUHN, GUIDRY, WEIMER, PETTIGREW, DOWNING, and CONQUE,[1] JJ.
CARTER, Chief Judge.
Kenneth Jackson was charged by bill of information with armed robbery, a violation of La. R.S. 14:64. He pled not guilty and, after trial by jury, was convicted as charged. On February 20, 1997, the court sentenced him to serve a term of forty years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. This court affirmed the conviction and sentence. State v. Jackson, 97-1341 (La.App. 1st Cir.6/29/98), 720 So.2d 468, (unpublished).
Shortly after the district court entered an order of appeal for the armed robbery conviction and the original sentence, the state filed a bill of information charging defendant as a third felony habitual offender. See La. R.S. 15:529.1. After a hearing conducted on September 11, 1997, the trial court found defendant to be a third felony habitual offender and sentenced him to serve a term of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant has appealed the habitual offender adjudication and sentence, urging two assignments of error.[2]

FAILURE TO VACATE ORIGINAL SENTENCE
In the first assignment, defendant argues his habitual offender sentence should be vacated because the district court failed to vacate the original sentence before sentencing defendant as a habitual offender.
The habitual offender statute requires a sentencing court, when imposing a habitual offender sentence, to vacate any sentence already imposed: "When the judge finds that [the defendant] has been convicted of a prior felony ..., the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated." La. R.S. 15:529.1D(3) (emphasis added).
The habitual offender proceeding does not charge a new crime but is merely a method of increasing the punishment of second and subsequent offenders. The enhancement of the penalty for habitual offenders *9 convicted of a new felony addresses itself only to the sentencing powers of the trial court after conviction and has no functional relationship to the innocence or guilt as to the instant crime. In other words, the sentence imposed in such cases is for the new crime only; the sentence is simply more severe if the defendant is a habitual offender. State v. Walker, 416 So.2d 534, 536 (La.1982).
When faced in previous criminal appeals with the failure of a trial court to vacate the original sentence, this court has simply vacated the original sentence to conform to the requirements of the habitual offender statute and has found it unnecessary to vacate the habitual offender sentence or remand for resentencing. See State v. Smith, 00-0423, p. 5 (La.App. 1st Cir.11/3/00), 769 So.2d 1280, 1283; State v. Hayes, 97-1526, pp. 7-8 (La.App. 1st Cir.5/15/98), 712 So.2d 1019, 1023, writ granted on other grounds, 98-1603 (La.12/11/98), 729 So.2d 584.[3] Such an approach is consistent with the intent of the trial court, avoids any danger of a double jeopardy violation, and is in the interest of judicial economy. For the following reasons, we find no reason to depart from the procedure we have used in the past.
The language of the habitual offender statute clearly requires the sentencing court, when imposing a habitual offender sentence, to vacate any sentence already imposed in the case. A trial court's failure to do so results in an illegal sentence. In those cases in which the trial court clearly intended to impose a new sentence as a substitute for the original sentence, no sentencing discretion is involved in the correction of the illegal sentence and an appellate court has authority under La.Code Crim. P. art. 882 to correct the sentence. The correction eliminates any possibility the Department of Public Safety and Corrections might require the defendant to serve both sentences. As a result, correction of the error is in the defendant's favor.
A related issue was considered by the second circuit in State v. Hunt, 573 So.2d 585, 587 (La.App. 2nd Cir.1991). In that case, the trial court sentenced the defendant to serve a term of ten years for a drug conviction. After the sentence was imposed, the defendant was adjudicated and sentenced as a second felony habitual offender. The trial court then sentenced him to serve an additional, consecutive ten-year sentence. Noting that the court's imposition of an additional ten-year sentence, without vacating the original sentence, was illegal, the second circuit amended the sentence to make it a total of twenty years. In doing so, the court noted that the trial court erred when it failed to vacate the original sentence, but that the court's intent to increase the substantive sentence from ten to twenty years was obvious. Hunt, 573 So.2d at 587.
The third, fourth, and fifth circuits do not look to the court's intent. In the third and fifth Circuits, the original sentence is viewed as still being in effect, the subsequent habitual offender sentence is considered to be "null and void," and the case is remanded for resentencing on the habitual offender adjudication. See State v. Dearmas, 606 So.2d 567, 569 (La.App. 5th Cir. 1992) (citing State v. Hingle, 242 La. 844, *10 139 So.2d 205 (1961)). See also State v. Melbert, 00-00527 (La.App. 3rd Cir.11/2/00), 776 So.2d 499; State v. London, 98-65, pp. 3-4 (La.App. 5th Cir.5/27/98), 712 So.2d 287, 288, writ denied, 98-1903 (La.11/13/98), 730 So.2d 933. The fourth circuit does not use the "null and void" language, but it vacates the habitual offender sentence and remands for resentencing as a habitual offender. See State v. Anderson, 99-1407, p. 5 (La.App. 4th Cir.1/26/00), 753 So.2d 321, 325; State v. Moffett, 572 So.2d 705, 707 (La.App. 4th Cir.1990).
The "null and void" language used in the fifth circuit cases comes from the original hearing in State v. Hingle, wherein the supreme court held that, if a trial court imposes the habitual offender sentence without vacating the original sentence, the original sentence remains in effect, the subsequent habitual offender sentence is "null and void" and must be set aside, and the case must be remanded for the imposition of a proper sentence. Hingle, 139 So.2d at 207. Chief Justice Fournet dissented. He disagreed with the majority's conclusion that the multiple offender sentence is null and void simply because the trial court overlooked its mandatory duty under the statute to vacate the previous sentence. Chief Justice Fournet believed the appellate court instead should simply vacate the original sentence. Hingle, 139 So.2d at 209. On rehearing in 1962, the supreme court vacated the habitual offender adjudication on the ground the proceedings violated the terms of the defendant's plea agreement with the state. Chief Justice Fournet authored the majority opinion on rehearing, and the "null and void" language included in the original opinion was not part of the opinion on rehearing. The supreme court, however, used similar language in State ex rel. Frazier v. Blackburn, 390 So.2d 203 (La.1980) (citing State v. Hingle): "Because the trial court failed to vacate the defendant's original sentence before imposing the second sentence under R.S. 15:529.1, that second sentence is declared void."
In Hudson v. Day, 96-2428 (La.App. 1st Cir.11/7/97), 703 So.2d 702, this court adopted the reasoning of the fifth circuit. An inmate in the custody of the Louisiana Department of Public Safety and Corrections filed suit claiming the Department improperly refused to recognize his eligibility for good time. The inmate had been sentenced as a habitual offender. As a result, the Department did not consider him eligible to receive good time. See La. R.S. 15:571.3C(2). Although the commitment stated that the original sentence had been vacated, the sentencing transcript did not. Noting that the transcript prevailed in the event of a discrepancy with the minutes, this court concluded the original sentence had not been vacated. Because the trial court failed to vacate the original sentence at the time of the habitual offender sentence, this court determined the original sentence was still in effect and the multiple offender sentence was null and void. 703 So.2d at 703 (citing State v. Jackson, 95-423, p. 6 (La.App. 5th Cir.11/15/95), 665 So.2d 467, 469).
A recent ruling by the supreme court calls into question the continued validity of an appellate court viewing a habitual offender sentence as being null and void. In State v. Mayer, 98-1311 (La.App. 5th Cir.9/28/99), 743 So.2d 304, writ granted in part, 99-3124 (La.3/31/00), 760 So.2d 309, the fifth circuit declared a habitual offender sentence to be null and void because the original sentence had not been vacated. In doing so, the court noted that the transcript, which did not show the original sentence was vacated, prevailed over the minute entry and commitment, which stated that the original sentence had *11 been vacated. The supreme court vacated the appellate court's ruling and reinstated the habitual offender sentence. State v. Mayer, XXXX-XXXX (La.3/31/00), 760 So.2d 309 (per curiam). The supreme court did not overrule long-standing jurisprudence that, in the event of a discrepancy between the minutes and the transcript, the transcript prevails. See State v. Lynch, 441 So.2d 732, 734 (La.1983). Instead, the supreme court noted that, to the extent the commitment and minute entry reflected that the judge vacated the original sentence, any possible confusion was eliminated as to the terms of the confinement and, thus, no substantial right of the accused was affected. See La.Code Crim. P. art. 921. Because court minutes in conflict with a transcript do not always accurately reflect a trial court's actions, we do not read the supreme court's decision as standing for the proposition that the trial court actually had vacated the original sentence. Rather, to the extent the trial court record showed that the trial court had done so, any possible confusion was eliminated.
In the instant case, the same judge pronounced both the original sentence on the armed robbery conviction as well as the new sentence under the habitual offender statute. Before the court sentenced defendant as a habitual offender, the prosecutor called the court's attention to the earlier sentencing. The proceedings give no indication the court intended to impose the habitual offender sentence as an additional penalty. Thus, the court obviously intended for the life imprisonment imposed after the habitual offender adjudication to be the sentence in this case. The court simply overlooked its duty to vacate the original sentence. Correction of the trial court's failure to vacate the original sentence does not involve the exercise of sentencing discretion and will eliminate any possibility of confusion as to the terms of the confinement. Thus, we vacate the original forty-year sentence imposed on February 20, 1997, to conform to the requirements of La. R.S. 15:529.1. It is not necessary to vacate the habitual offender sentence imposed on September 11, 1997, or to remand for resentencing. See La.Code Crim. P. art. 882; State v. Hunt, 573 So.2d at 587. However, the case is remanded for the district court to amend the minute entry and commitment to reflect that the original sentence has been vacated. To the extent this court's decision in Hudson v. Day is in conflict with the instant decision, Hudson v. Day is overruled.
Accordingly, there is no merit in the first assignment of error.

FAILURE TO RULE ON MOTION TO RECONSIDER SENTENCE
In the second assignment, defendant argues the district court erred when it failed to rule on defendant's motion to reconsider sentence.
After the habitual offender sentencing, defendant filed a timely motion to reconsider sentence. The record does not contain documentation of a ruling on the motion, and the district court clerk's office has confirmed in writing that no such ruling is of record. In this appeal, defendant does not assign excessiveness of the mandatory life sentence as an error, but he raised such an issue in the motion to reconsider sentence and it appears he intends to raise the issue on appeal if the district court denies his motion to reconsider sentence. It was defendant's responsibility to obtain a ruling on the motion to reconsider sentence and to cause the appellate record to be supplemented with the ruling. In its current procedural posture, any action by this court concerning the length of the sentence would be premature *12 because, on reconsideration of the sentence, the trial court could grant defendant the relief he seeks. See State v. Sanders, 618 So.2d 904 (La.App. 1st Cir.1993) (per curiam).
Therefore, this case is remanded to the district court for supplementation of the record with the ruling on defendant's motion to reconsider sentence. If there has been no disposition of the motion, the court should rule on it within thirty days of the date of this opinion. If the motion to reconsider is granted and defendant is resentenced, he may appeal the new sentence. If the motion is denied or if it already has been ruled on, defendant must move to relodge this appeal within sixty days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever is later. See State v. Maloney, 625 So.2d 748, 751 (La. App. 1st Cir.1993).
In reviewing the record for patent error, we notice a discrepancy between the minutes of the habitual offender sentencing and the transcript. According to the transcript, the court imposed the sentence without benefit of parole, probation, or suspension of sentence. The minutes do not contain this restriction. When there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). On remand, if the motion to reconsider sentence is denied or if it already has been ruled on, the district court should correct the minutes of the sentencing to reflect that the sentence was imposed without benefit of parole, probation, or suspension of sentence.

CONCLUSION
For the above reasons, defendant's original sentence is vacated. The habitual offender adjudication is affirmed and the matter is remanded for ruling on motion to reconsider sentence and for amendment of minute entry and commitment.
ORIGINAL SENTENCE VACATED; HABITUAL OFFENDER ADJUDICATION AFFIRMED; REMANDED FOR RULING ON MOTION TO RECONSIDER SENTENCE AND FOR AMENDMENT OF MINUTE ENTRY AND COMMITMENT.
GUIDRY, J., dissents and assigns reasons.
DOWNING, FITZSIMMONS, and CONQUE, JJ., dissent for the reasons assigned by GUIDRY, J.
KUHN, J., concurs.
GUIDRY, J., dissenting.
The procedure used by this court in previous criminal appeals (State v. Smith, 00-0423 (La.App. 1st Cir.11/3/00), 769 So.2d 1280; and State v. Hayes, 97-1526 (La.App. 1st Cir.5/15/98), 712 So.2d 1019, writ granted on other grounds, 98-1603 (La.12/11/98), 729 So.2d 584) and which the majority follows in this case is inconsistent with the Supreme Court's ruling in State ex rel. Frazier v. Blackburn, 390 So.2d 203 (La.1980). To the extent those previous decisions considered a habitual offender sentence to be valid despite a trial court's failure to vacate the original sentence, they are in conflict with State ex rel. Frazier v. Blackburn, and thus, should be overruled. The language of the habitual offender statute clearly requires the sentencing court, when imposing a habitual offender sentence, to vacate any sentence already imposed in the case. Accordingly, in the instant case, the habitual offender sentence should be declared null and void.
I respectfully dissent.
NOTES
[1] Hon. Durwood W. Conque, 15th Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] An appeal of defendant's armed robbery sentence has been separately docketed as 2000 KA 0716.
[3] This court has used the same approach in those cases in which a trial court resentences a defendant after granting a motion to reconsider sentence, without vacating the original sentence. See State v. Morris, 99-3075 (La. App. 1st Cir.11/3/00), 770 So.2d 908, 929; State v. Meneses, 98-0699, p. 2 n. 1 (La.App. 1st Cir.2/23/99), 731 So.2d 375, 376 n. 1; State v. Thomas, 95-2348, pp. 6-7 (La.App. 1st Cir.12/20/96), 686 So.2d 145, 149, writ denied, 97-0192 (La.3/14/97), 690 So.2d 36.