792 So.2d 126 (2001)
STATE of Louisiana
v.
Darryl DAVIS.
No. 01-KA-123.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 2001.
Rehearing Denied September 6, 2001.
*128 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Churita H. Hansell, Allison Monahan, Assistant District Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee.
Frank Sloan, Louisiana Appellate Project, Covington, LA, Attorney for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD, and CLARENCE E. McMANUS.
GOTHARD, Judge.
Defendant Darryl Davis was convicted of theft of goods valued at more than $100.00 but less than $500.00, LSA-R.S. 14:67.10, and was sentenced on February 4, 2000 to two years of imprisonment at hard labor, with credit for time served. Pursuant to a multiple bill, the defendant was adjudicated a third felony offender, and the trial court sentenced the defendant to serve 15 years at hard labor, with credit for time served as a third felony offender. Defendant appeals.
The record reflects the following facts surrounding the defendant's arrest:
On December 10, 1998, Danny Fields, a member of the security staff at Macy's Department Store in Kenner, Louisiana, investigated a shoplifting incident. At the time of the incident, Mr. Fields was in the security office, in the store, with a second security officer, Frank Wimberly, and they were looking at the security monitor that controlled 30 cameras located throughout the store. Mr. Fields observed a man, later identified as Byron Davis, who was located in the domestics department on the store's third floor. Mr. Wimberly watched the cameras while Mr. Fields, who was dressed in plain clothes, went to the third floor for observation. Thereafter, Mr. Wimberly was relieved of his station in the security office and while Mr. Wimberly, who was also dressed in plain clothes, went to the third floor for observation, Mr. Fields took up station in the security office to watch the cameras. The security officers watched Byron Davis as he put two items from the domestics department into a Macy's paper shopping bag. The items taken were later identified as two sets of curtains, valued at $89.00 each. Thereafter, Byron Davis left the domestics department and went to the housewares department of the store. When Byron Davis left the housewares department he was carrying a plastic Macy's shopping bag, which was later found to contain a boxed food processor, which was valued at $199.99. Byron Davis met with Darryl Davis in the store and they switched shopping bags before they walked to the escalator and proceeded to the first floor in order to exit the store. The two men walked to the door leading from the store and into the mall. Neither of the men attempted to pay for the merchandise in their possession. Byron Davis was apprehended by Frank Wimberly of the store's security force. Darryl Davis was apprehended by two female security officers employed by the store. The local police were called and Byron Davis and Darryl Davis were each arrested for theft. The bag in Byron Davis' possession contained the food processor and the bag carried by Darryl Davis contained the two sets of drapes. The items that were the subject of the theft were *129 photographed and returned to the store's stock.
On appeal, the defendant does not challenge his conviction, but only his sentence on the multiple offender adjudication and the trial court's failure to instruct him regarding the prescription period for applying for post-conviction relief.
In his first assignment of error, the defendant contends that the sentence imposed as a result of his adjudication as a multiple offender is null and void because the trial judge did not vacate the prior sentence.
The State concedes that the trial judge erred in not vacating the prior sentence before imposing the sentence on the multiple bill adjudication, but alleges that this error is harmless.
LSA-R.S. 15:529.1(D)(3) provides that, after finding the defendant to be a multiple offender, the court "shall vacate the previous sentence if already imposed." A multiple offender proceeding does not charge a new crime, but is merely a method of increasing the punishment of subsequent offenders. The enhancement of the penalty for habitual offenders convicted of a new felony only addresses itself to the sentencing powers of the trial judge after conviction and has no functional relationship to the innocence or guilt of the instant crime. In other words, it is clear that the sentence in such cases is for the new crime only; it is simply more severe if the defendant is a habitual offender. State v. Walker, 416 So.2d 534, 536 (La.1982); State v. Smith, 00-1935 (La.App. 5 Cir. 5/30/01), 794 So.2d 41; State v. Morgan, 96-588 (La.App. 5 Cir. 12/30/96), 686 So.2d 1048.
In previous criminal appeals where the trial court had failed to vacate the original sentence prior to the imposition of an enhanced sentence pursuant to a multiple bill, this court has considered the original sentence to be still in effect, and has declared the enhanced sentence null and void. State v. Dearmas, 606 So.2d 567 (La.App. 5 Cir.1992); State v. London, 98-65 (La.App. 5 Cir. 5/27/98), 712 So.2d 287, writ denied, 98-1903 (La.11/13/98), 730 So.2d 933; State v. Stokes, 99-1287 (La. App. 5 Cir. 4/13/00), 759 So.2d 980, writ denied, 00-1219 (La.2/16/01), ___ So.2d ___.
Our approach is consistent with that of the Third and Fourth Circuit Courts of Appeal. See State v. Melbert, 00-00527 (La.App. 3 Cir. 11/2/00), 776 So.2d 499; State v. Anderson, 99-1407 (La.App. 4 Cir. 1/26/00), 753 So.2d 321.
The First Circuit Court of Appeal has taken a different approach. In those situations where the trial court has failed to vacate the original sentence prior to the imposition of the enhanced sentence, the appellate court has vacated the original sentence to conform with the requirements of La.C.Cr.P. art. 15:529.1D(3). State v. Smith, 00-0423 (La.App. 1 Cir. 11/3/00), 769 So.2d 1280; State v. Thomas, 95-2348 (La.App. 1 Cir. 12/20/96), 686 So.2d 145. In State v. Jackson, 00-0717 (La.App. 1 Cir. 2/16/01), ___ So.2d ___, ___, 2001 WL 133213 the Court supported its approach by stating that:
In those cases in which the trial court clearly intended to impose a new sentence as a substitute for the original sentence, no sentencing discretion is involved in the correction of the illegal sentence and an appellate court has the authority under La.Code Crim. P. art. 882 to correct the sentence. The correction eliminates any possibility the Department of Public Safety and Corrections might require the defendant to serve both sentences. As a result, correction of the error is in the defendant's favor.
*130 Recently, the Louisiana Supreme Court has disagreed with our view that where the trial court has failed to vacate an original sentence, the enhanced sentence is null and void, and has indicated that the approach of the First Circuit is favored. In State v. Mayer, 98-1311 (La.App. 5 Cir. 9/28/99) 743 So.2d 304, writ granted in part, 99-3124 (La.3/31/00), 760 So.2d 309, this court ruled that an enhanced sentence was null and void because the original sentence had not been vacated. The Louisiana Supreme Court vacated our decision, and reinstated the defendant's multiple offender sentence as imposed by the trial court, stating that:
To the extent that the October 30, 1998 commitment/minute entry reflects that the trial judge vacated the defendant's original sentence and thereby eliminated any possible confusion as to the terms of the defendant's confinement, the failure of the transcript of the multiple bill offender hearing to show that the court did so before sentencing the defendant as a multiple offender did not affect the substantial rights of the defendant. La.C.Cr.P. art. 921: see State ex rel. Haisch v. State, 575 So.2d 816 (La.1991).
State v. Mayer, 99-3124 (La.3/31/00), 760 So.2d 309 (per curium).
The intent of the Supreme Court in this ruling was discussed by the First Circuit in Jackson:
In State v. Mayer, 98-1311 (La.App. 5th Cir.9/28/99), 743 So.2d 304, writ granted in part, 99-3124 (La.3/31/00), 760 So.2d 309, the fifth circuit declared a habitual offender sentence to be null and void because the original sentence had not been vacated. In doing so, the court noted that the transcript, which did not show the original sentence was vacated, prevailed over the minute entry and commitment, which stated that the original sentence had been vacated. The supreme court vacated the appellate court's ruling and reinstated the habitual offender sentence. State v. Mayer, XXXX-XXXX (La.3/31/00), 760 So.2d 309 (per curiam). The supreme court did not overrule long-standing jurisprudence that, in the event of a discrepancy between the minutes and the transcript, the transcript prevails. See State v. Lynch, 441 So.2d 732, 734 (La.1983). Instead, the supreme court noted that, to the extent the commitment and minute entry reflected that the judge vacated the original sentence, any possible confusion was eliminated as to the terms of the confinement and, thus, no substantial right of the accused was affected. See La.Code Crim. P. art. 921. Because court minutes in conflict with a transcript do not always accurately reflect a trial court's actions, we do not read the supreme court's decision as standing for the proposition that the trial court actually had vacated the original sentence. Rather, to the extent the trial court record showed that the trial court had done so, any possible confusion was eliminated.
State v. Jackson, supra at ___.
In this case, as in the Mayer case, the minute entry/commitment reflects that the trial court vacated the original sentence, thereby eliminating any possible confusion. The same judge presided at both the original sentencing hearing and the enhanced sentencing hearing, and there is nothing to reflect that he intended the defendant to serve two sentences. From the record it appears that the trial court intended that the defendant serve the fifteen years at hard labor imposed pursuant to the multiple bill and that "The court simply overlooked its duty to vacate the original sentence." Jackson, supra at ___.
*131 We can find nothing to distinguish this case from the Mayer case, and therefore we apply the reasoning of the Louisiana Supreme Court and we find that the sentence imposed pursuant to the multiple bill is not null and void, but is a valid sentence. To the extent that the decisions in State v. Dearmas, State v. London, and State v. Stokes are in conflict with the decision in the instant case, those cases are overruled.
Accordingly, there is no merit to defendant's first assignment of error.
In his second allegation of error, defendant argues that the trial court failed to advise him of the delays for filing for post conviction relief.
The State concedes that the trial court did not so advise the defendant, but argues that this error is harmless and can be corrected by notice to the defendant being ordered by this Court.
Accordingly, we remand this case to the district court and order that the trial judge inform defendant of the provisions of La. C.Cr.P. art. 930.8(C) by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of these proceedings.
In his third allegation of error, the defendant contends that the sentence imposed is grossly disproportionate to the crime committed. The State counters that defendant's sentence of 15 years of imprisonment is not excessive, in that he could have been sentenced to life imprisonment, without benefit of parole, probation or suspension of sentence.
Defendant was adjudicated a third felony offender. In addition to his current conviction for theft in an amount more than $100.00 and less than $500.00 (LSA-R.S. 14:67.10), he has prior convictions for cruelty to a juvenile (LSA-R.S. 14:93) and possession with the intent to distribute cocaine (LSA-R.S. 40:967A).
The Habitual Offender Statute, under which defendant was sentenced, provides, in pertinent part, for the following mandatory sentence:
LSA-R.S. 15:529.1. Sentences for second and subsequent offenses; certificate of warden or clerk of court in the state of Louisiana as evidence.
A. (1)(ii) If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation or suspension of sentence.
In this case, the defendant's sentencing exposure for violation of the Uniform Controlled Dangerous Substances Law was punishable by between five and 30 years of imprisonment. LSA-R.S. 40:967B. Therefore, he met the qualifications for sentencing to life imprisonment under LSA-R.S. 15:529(A)(1)(ii).
The federal and state constitutions prohibit the imposition of excessive and cruel punishment. U.S. Const. Amend. 8; LSA-La. Const. Art. 1 Sec. 20.
The mandatory minimum sentences provided for under the Habitual Offender Statute are presumed to be constitutional. LSA-R.S. 15:529.1; State v. Johnson, 97-1906 (La.3/4/98) 709 So.2d 672, citing State v. Dorthey, 623 So.2d 1276 (La.1993). In order to rebut the presumption that the mandatory minimum sentence is constitutional, defendant must clearly *132 and convincingly show that he is exceptional, that is, that because of unusual circumstances he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Johnson, supra; State v. Dorthey, supra. Downward departures from the minimum sentence under the Habitual Offender Statute should occur only in rare situations. State v. Johnson, supra. A downward departure from the minimum sentence mandated by the Habitual Offender Statute is warranted if the trial court determines that the minimum sentence mandated makes no measurable contribution to acceptable goals of punishment or that the sentence amounts to nothing more than a purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the offense. State v. Washington, 00-301 (La.App. 5 Cir. 9/26/00), 769 So.2d 1235. If a downward departure is warranted, the trial judge shall sentence the defendant to the longest sentence, which is not constitutionally excessive. State v. Johnson, 709 So.2d at 677.
Prior to sentencing on the multiple bill, the defendant argued mitigating circumstances to the court. In particular, although he conceded that he fit within the provisions of LSA-R.S. 15:529.1(A)(1)(ii), he stated that it had been 12 to 14 years between crimes. He also argued that if he had taken the plea offered that he would have received a four-year sentence, and he should not be punished for having gone to trial. Finally, he argued that he was only 39 years old and that the statutory penalty would be too harsh, and constitute cruel and unusual punishment.
In sentencing the defendant, the court acknowledged that the statutory sentence prescribed was life imprisonment, but that a downward deviation, pursuant to State v. Dorthey, supra, was warranted under the circumstances of this case. The crime was theft of goods, between one and five hundred dollars. Had the defendant not been a repeat offender, the maximum sentence exposure would have been four years. Defendant did have two prior convictions, including one for narcotics. The trial court stated that it considered the defendant's "track record" and the possibility of a life sentence in finding that a sentence of fifteen years was warranted in this case.
Nevertheless, the defendant now argues that his sentence, which is less that the mandatory life sentence provided, is excessive. It is clear to us that, in imposing the fifteen year sentence, the trial judge tailored the sentence to the offender and the offense. Under these circumstances, we cannot say that the sentence imposed is excessive or an abuse of the court's sentencing discretion.
We have reviewed the record for errors patent, according to LSA C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find none which merit consideration.
For the above discussed reasons, the defendant's conviction and sentence are affirmed. This matter is remanded and the trial court is ordered to inform defendant of the provisions of La.C.Cr.P. art. 930.8(C) by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record.
AFFIRMED AND REMANDED WITH ORDER.