FREDERICKA HOMBERG WICKER, Judge.
12In this criminal matter, defendant Philip Collins appeals his conviction and sentence. For the reasons that follow, we vacate the defendant’s August 17, 2009 sentence imposed by the trial court and reinstate the defendant’s April 20, 2000 sentence imposed pursuant to the multiple offender bill of information filed against him. Additionally, we grant defense counsel’s motion to withdraw.
PROCEDURAL HISTORY
In 1999, the state charged the defendant with attempted second-degree murder in violation of La.R.S. 14:27 and La.R.S. 14:30.1. After a bench trial, the defendant was found guilty of the lesser-included offense of aggravated battery. On April 20, 2000, the trial court sentenced the defendant to a term of imprisonment of ten years at hard labor.
|aThat same day, the state filed a multiple offender bill of information alleging the defendant to be a second felony offender. The defendant subsequently stipulated to second felony offender status. The trial court then sentenced the defendant to a term of imprisonment of twenty years at hard labor to be served concurrently with a sentence of two years at hard labor in another case.[1] The transcript reveals that the trial court failed to explicitly vacate the defendant’s ten-year sentence before sentencing the defendant to a twenty-year sentence at hard labor as a second felony offender. The commitment /minute entry form, however, erroneously reflects that the trial court vacated the defendant’s sentence before sentencing him as a second felony offender.
The defendant appealed his habitual offender sentence as excessive. In an unpublished opinion, this Court affirmed defendant’s conviction and habitual offender sentence. We also remanded this matter for correction of a minute entry and for the trial court to advise defendant of the two-year prescriptive period under La. C.Cr.P. art. 930.8.[2] State v. Collins, 02-655 (La.App. 5 Cir. 11/13/02, 831 So.2d 1104) (unpublished opinion).
On July 6, 2009, defendant filed a pro se Motion to Correct Illegal Sentence in the trial court, arguing that his enhanced sentence was null and void because the court had neglected to vacate his original ten-year sentence before imposing the twenty- *777 year sentence. On July 27, 2009, the trial court ordered the defendant to appear in court on August 17, 2009 so that his April 20, 2000 sentence could be vacated.
|4On August 17, 2009, the trial court vacated the defendant’s April 20, 2000 sentence and resentenced the defendant to a term of imprisonment of twenty years at hard labor on the multiple bill pursuant to the defendant’s original plea bargain.[3]
ANALYSIS
The defendant’s appellate counsel filed a brief and a motion to withdraw pursuant to the procedure endorsed by the United States Supreme Court and the Louisiana Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, (La.12/12/97), 704 So.2d 241, 242 (per curiam) respectively. Appellate counsel’s brief asserts that she has reviewed the appellate record, and that the record contains no non-frivolous issues that may be raised on appeal. This Court has an independent duty to review the appellate record when appointed appellate counsel files an Anders brief. If, after independent review, we discern a legal point that is arguable on the merits, we have the discretion to either deny appellate counsel’s motion to withdraw and order him to file a brief arguing that point, or to grant the motion to withdraw and appoint substitute counsel. State v. Anderson, 01-789 (La.App. 5 Cir.1/15/02), 807 So.2d 956, 959, writ denied, 02-0569 (La.1/24/03), 836 So.2d 42.
La.R.S. 15:529.1(D)(3) requires the trial court to vacate a previously imposed sentence prior to imposing a habitual offender sentence. Ordinarily, when the original sentence on the underlying offense has not been vacated at the time of defendant’s sentencing as a multiple offender, the original sentence remains in effect and the subsequent sentence as a multiple offender is null and void. State v. McMillan, 09-415 (La.App. 5 Cir. 12/8/09), 30 So.3d 36, 44; State v. Thomas, 98-1298 (La.App. 5 Cir.4/27/99), 734 So.2d 140, 144.
In State v. Mayer, 99-3124 (La.3/31/00), 760 So.2d 309, the Louisiana Supreme Court found vacating a habitual offender sentence was not necessary when the transcript failed to reflect that the trial court vacated the previously imposed sentence before imposing a habitual offender sentence. The Supreme Court reasoned that the substantial rights of the defendant were protected since the commitment/minute entry “reflected] that the trial judge vacated the defendant’s original sentence and thereby eliminated any possible confusion as to the terms of the defendant’s confinement.” Id. at 310.
The intent of the Supreme Court in this ruling was discussed by the First Circuit in State v. Jackson, 00-0717 (La.App. 1 Cir. 2/16/01), 814 So.2d 6:
In State v. Mayer, 98-1311 (La.App. 5th Cir.9/28/99), 743 So.2d 304, writ granted in part, 99-3124 (La.3/31/00), 760 So.2d 309, the fifth circuit declared a habitual offender sentence to be null and void because the original sentence had not been vacated. In doing so, the court noted that the transcript, which did not show the original sentence was vacated, prevailed over the minute entry and commitment, which stated that the original sentence had been vacated. The supreme court vacated the appellate court’s ruling and reinstated the habitual offender sentence. State v. Mayer, 1999-3124 (La.3/31/00), 760 So.2d 309 *778 (per curiam). The supreme court did not overrule long-standing jurisprudence that, in the event of a discrepancy between the minutes and the transcript, the transcript prevails. See State v. Lynch, 441 So.2d 732, 734 (La.1983). Instead, the supreme court noted that, to the extent the commitment and minute entry reflected that the judge vacated the original sentence, any possible confusion was eliminated as to the terms of the confinement and, thus, no substantial right of the accused was affected. See La.Code Crim. P. art. 921. Because court minutes in conflict with a transcript do not always accurately reflect a trial court’s actions, we do not read the supreme court’s decision as standing for the proposition that the trial court actually had vacated the original sentence. Rather, to the extent the trial court record showed that the trial court had done so, any possible confusion was eliminated.
In this case, as in Mayer, the minute entry/commitment form reflects that the trial court vacated the original sentence in 2000, thereby eliminating any possible confusion as to the defendant’s confinement. It appears that that “[t]he court simply overlooked its duty to vacate the original sentence.” Jackson, 814 So.2d at 11. We can find nothing to distinguish this case from Mayer. Accordingly, we | ahold that the defendant’s 2000 sentence imposed pursuant to the multiple bill was not illegal, but was a legal sentence because the sentence eliminated confusion as to the terms of the defendant’s confinement and did not affect the substantial rights of the defendant.
Because the defendant’s April 20, 2000 sentence was legal and valid, that sentence is now final. La.C.Cr.P. art. 922. La. C.Cr.P. art. 881(A) provides that the trial court may amend a legal sentence “prior to the beginning of the execution of the sentence” (emphasis added). In this case, however, the execution of the sentence began in 2000. Likewise, although La. C.Cr.P. art. 882 provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review, the original sentence imposed in this matter was not illegal.
Accordingly, the trial court was without authority when it vacated the defendant’s sentence. See State v. Reviere, 99-3118 (La.4/7/00), 759 So.2d 79 (per curiam). We therefore vacate the August 17, 2009 sentence and reinstate the defendant’s April 20, 2000 sentence.
CONCLUSION AND DECREE
Our independent review of the record reveals no nonfrivolous issues. Additionally, a review of all minute entries and transcripts contained in the appellate record reveals no other trial court rulings that arguably support the appeal. Thus, we grant appellate counsel’s motion to withdraw.
The trial court’s August 17, 2009 sentence is vacated, and the defendant’s multiple offender sentence as imposed by the trial court on April 20, 2000 is reinstated. This matter is remanded to the trial court. The trial court is instructed to correct the August 17, 2009 minute entry. The trial court is further instructed to |7provide the Department of Corrections with an accurate commitment/minute entry of the defendant’s sentence as reinstated by this Court.

MOTION TO WITHDRAW GRANTED; AUGUST 17, 2009 SENTENCE VACATED; APRIL 20, 2000 SENTENCE REINSTATED; REMANDED WITH INSTRUCTIONS.

. According to both the transcript and the multiple bill commitment, the defendant’s enhanced sentence was imposed without restriction of benefits. However, La.R.S. 15:529.1(G) requires that all habitual offender sentences be served without benefit of probation or suspension of sentence. This error requires no corrective action because La.R.S. 15:301.1 makes the restriction self-activating.

. The transcript, as well as the remainder of the record, reflected that the defendant was tried for attempted second degree murder. However, the trial minute entry reflected that the defendant was on trial for second degree murder. We ordered the trial court to correct the trial minute entry on remand.

. The defendant was sentenced by a different trial judge than the one who imposed a twenty-year sentence in 2000.