STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 KA 0992 & 2023 KW 1125

STATE OF LOUISIANA

VERSUS

CLYDE R. JOSEPH, JR.

Judgment Rendered: APR 1 9 2024

* * * * * *

On Appeal and Application for Supervisory Review
from the
Eighteenth Judicial District Court
In and for the Parish of Iberville
State of Louisiana
Docket Number 2141-96
The Honorable Alvin Batiste, Jr., Judge Presiding

* * * * * *

Antonio M. "Tony" Clayton
District Attorney
Ali Zito Meronek
Assistant District Attorney
Plaquemine, Louisiana

Counsel for Appellee
State of Louisiana

Prentice L. White
Baton Rouge, Louisiana

Counsel for Defendant/Appellant
Clyde R. Joseph, Jr.

Clyde R. Joseph, Jr.
Angola, Louisiana

In Proper Person

* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Chutz, J. - Concur

**GUIDRY, C.J.**

On September 27, 2001, a jury found the defendant, Clyde R. Joseph, Jr., guilty of second degree murder, a violation of La. R.S. 14:30.1, after which he was sentenced to a mandatory term of life imprisonment at hard labor without the possibility of parole.[1] The offense occurred in 1996, when the defendant was sixteen years old. Following the United States Supreme Court's decisions in Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and Montgomery v. Louisiana, 577 U.S. 190, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the trial court conducted a resentencing hearing and, after taking the matter under advisement, declined to grant the defendant parole eligibility. He filed a pro se motion to reconsider sentence, upon which the trial court has yet to rule. The defendant now appeals, filing both a counseled and a pro se brief, in which he assigns error to the resentencing. The defendant also concurrently filed a writ application seeking supervisory review of the resentencing, which application was referred to this panel to decide in conjunction with the pending appeal. See State v. Joseph, 2023 KW 1125 (La. App. 1st Cir. 1/18/24). For the following reasons, we remand this matter to the trial court for further proceedings consistent with this opinion, and in so decreeing, we deny the writ application as moot.

## FACTS

In November of 1996, the defendant and two other young men planned to rob Laura Henson, the manager of Fred's Department Store. As Ms. Henson exited the store, she was shot and killed. The defendant was identified as the shooter, after which he confessed to shooting Ms. Henson.

---

[1] This court affirmed the defendant's conviction and sentence, and the Louisiana Supreme Court denied the defendant's writ of certiorari. State v. Joseph, 02-0976 (La. App. 1st Cir. 12/20/02), 837 So. 2d 761, writ denied, 03-0410 (La. 10/10/03), 855 So. 2d 327.

2

## EXCESSIVE SENTENCE

In his counseled assignment of error and his second and third pro se assignments of error, the defendant argues the trial court abused its discretion in denying him parole eligibility under Miller, and the sentence is unconstitutionally excessive. In his first pro se assignment of error, he claims the trial court violated his constitutional rights when he was denied the opportunity to testify at the Miller hearing. However, because the record contains no ruling on the defendant's timely-filed, pro se motion to reconsider sentence, we pretermit further discussion of these assignments of error.

When the defendant was initially convicted and sentenced in 2001, Louisiana law mandated a sentence of life imprisonment without benefit of parole for a juvenile tried as an adult and convicted of second degree murder. However, in 2012, the United States Supreme Court held in Miller that the Eighth Amendment's prohibition against cruel and unusual punishment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders who were under the age of eighteen at the time of the offense. Miller, 567 U.S. at 470-71, 132 S.Ct. at 2463-64. Thereafter, in 2016, the United States Supreme Court determined that Miller announced a substantive right of constitutional law, which applied retroactively to juvenile offenders. Montgomery, 577 U.S. at 212, 136 S.Ct. at 736.

In accordance therewith, the Louisiana legislature specifically amended the Louisiana Code of Criminal Procedure and the Louisiana Revised Statutes to codify Miller's holding, as follows:

> [A]ny person serving a sentence of life imprisonment for a conviction of . . . second degree murder . . . who was under the age of eighteen years at the time of the commission of the offense and whose indictment for the offense was prior to August 1, 2017, shall be eligible for parole consideration . . . if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1(B) and . . .

3

> [t]he offender has served twenty-five years of the sentence imposed[.]

La. R.S. 15:574.4(G)(1). [2]

For such an offender, the district attorney may choose to file a notice of intent to seek a sentence of life imprisonment without the possibility of parole, at which point "a hearing shall be conducted to determine whether the sentence shall be imposed with or without parole eligibility." La. C.Cr.P. art. 878.1(B)(1).

Herein, the State filed a Notice of Intent to Seek a Sentence of Life Imprisonment without the Possibility of Parole against the defendant. On April 13, 2023, the trial court held a resentencing hearing and, after taking the matter under advisement, denied the defendant the benefit of parole on May 12, 2023. Thereafter, the defendant filed a pro se motion to reconsider sentence in which he argued that the trial court erred in denying him parole eligibility under Miller.

Before the trial court ruled on the pro se motion, the defendant's attorney filed a motion for a two-year extension of deadline to file an additional motion to reconsider sentence. During a hearing on the motion for a two-year extension of the deadline, held on June 14, 2023, the trial court explained its reasoning for denying the defendant parole eligibility at the resentencing hearing, stating the defendant failed to accept responsibility, show remorse, or do the things necessary to become a productive citizen upon release, such as obtaining his G.E.D. and job skills. Thus, the trial court believed that even if it granted the defendant the benefit of parole at the resentencing hearing, the defendant would not be eligible under La. R.S. 15:574.4.

The following exchange then took place between the trial court and the defendant:

| THE COURT: | Your attorney also filed an extension of time on the motion to reconsider. I've looked through the |

---

[2] At the time of the resentencing hearing, the defendant had served over 26 years of his life sentence, having been imprisoned since late 1996.

4

Title 15 -- I may have missed something -- but it seems the Legislature didn't put in a provision wherein someone in Mr. Joseph's shoes would have an opportunity at still obtaining parole after a certain time period. I know they did it for other individuals such as other lifers that weren't juveniles being given an opportunity at parole after serving so many years in Angola. However, under our Code of Criminal Procedure, I think it's 881.1, that you can request reconsideration of sentence. Normally, it has to be done within 30 days after sentencing, however, the court can extend that period for a reasonable time.

I don't know if I returned [your G.E.D.] results back to you --

MR. JOSEPH:       Yes, sir.

THE COURT:       -- But it appears to me that you didn't pass, correct?

MR. JOSEPH:       Yeah, I passed the subject -- I failed one subject, but I've got to take the test on June the 20th.

THE COURT:       Okay. All right. So you would still need to do that. You still need to try and obtain some type of job skill. Again, I mentioned in my reasons that, even though you learned how to do leather crafts, it's no indication of how much money you make at the rodeo sales.

MR. JOSEPH:       Well, I've made some.

THE COURT:       Okay. Well, you'll have an opportunity to present that again.

What I'm going to do is I'll extend the period to ask for reconsideration.

How long does it take for you to learn a job skill?

MR. JOSEPH:       You might apply for it but it might take you three years just to get in it.

THE COURT:       Okay. Well, you need to try and -- whatever it takes for you to do that before a three-year time period, you need to do that.

* * *

THE COURT:       So, Mr. Joseph, I'm going to extend the opportunity for you to ask for reconsideration two

5

years from today. Today is June the 14th, so that would be June the 13th that you can ask for reconsideration, but that should only be done if you have met the requirements under Title 15[.]

Our thorough review of the record reveals the trial court failed to rule on the defendant's previously filed pro se motion to reconsider sentence, and any counseled motion that remains outstanding. Although the defendant does not raise the failure to rule on the pro se motion as error, he does contest the excessiveness of the sentence, as he does in his motion to reconsider sentence. Based on the trial court's discussion with the defendant during the June 14, 2023 hearing, we find any action by this court concerning the length of the defendant's sentence would be premature because, on reconsideration of the sentence, the trial court could grant the defendant the relief he seeks. See State v. Jackson, 00-0717 (La. App. 1st Cir. 2/16/01), 814 So. 2d 6, 11-12, writ denied, 01-0673 (La. 3/15/02), 811 So. 2d 895; cf. State v. Lewis, 16-0533 (La. App. 1st Cir. 10/31/16), 207 So. 3d 1078, 1081 (where the trial court *denied the motion to reconsider sentence* but granted an extension of time to file subsequent motions, appellate review of trial court's ruling was not premature). During the hearing on the motion for the two-year extension, the trial court indicated it would consider granting the defendant's pro se motion to reconsider sentence if the defendant met the parole eligibility requirements under La. R.S. 15:574.4 by obtaining his G.E.D. and a specific job skill by the deadline of June 14, 2025.

Appellate courts are authorized by statute to remand to the district court, when appropriate, for a ruling on an outstanding motion to reconsider sentence. See La. C.Cr.P. art. 881.4(C) (providing that "[i]f necessary to an appropriate disposition of a motion to reconsider sentence, the appellate court may remand the case to the trial court with instructions to supplement the record or to hold an evidentiary hearing."). This court and other Louisiana courts have refused to

6

consider sentencing issues on appeal when there is an outstanding motion to reconsider sentence. See State v. Miller, 12-1090 (La. App. 1st Cir. 3/22/13), 2013 WL 1189401, *4 (unpublished); State v. Toledano, 18-0715 (La. App. 4th Cir. 1/23/19), 363 So. 3d 264, 268; State v. Cotten, 17-684 (La. App. 3d Cir. 3/14/18), 241 So. 3d 457, 471; State v. Stock, 16-552 (La. App. 5th Cir. 2/22/17), 212 So. 3d 1268, 1280. Accordingly, because there is no ruling on the defendant's pro se motion to reconsider sentence, we find appellate review of the sentence is premature.[3]

Therefore, we remand this matter to the trial court for a ruling on the defendant's outstanding pro se motion to reconsider sentence. See La. C.Cr.P. art. 881.4(C); State v. Heard, 15-0077 (La. App. 1st Cir. 6/5/15), 2015 WL 3544446, *2. The trial court should rule on the motion within thirty days of the date of this opinion. Thereafter, if the defendant wishes to appeal his sentence, he may file a new appeal with this court.

**REMANDED FOR RULING ON MOTION TO RECONSIDER SENTENCE; WRIT APPLICATION DENIED AS MOOT.**

---

[3] Louisiana Code of Criminal Procedure article 881.1 provides that the trial court may extend the period of time in which a defendant may make or file a motion to reconsider sentence. That extension of time does not divest this court of jurisdiction. Lewis, 207 So. 3d at 1081. Further, La. C.Cr.P. art. 916(3) contemplates that a defendant may file a motion to reconsider sentence during the pendency of his appeal. The trial court has jurisdiction to rule on any such motion that is properly filed. However, because the defendant filed a pro se motion to reconsider sentence upon which the trial court has yet to rule *prior* to the filing of the counseled motion for extension, appellate review of his resentencing is premature. Cf. Lewis, 207 So. 3d at 1081.

7