686 So.2d 1048 (1996)
STATE of Louisiana
v.
Daniel MORGAN.
No. 96-KA-588.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1996.
*1049 Bruce G. Whittaker, Indigent Defender Board, Gretna, for Defendant/Appellant, Daniel Morgan.
Jack M. Capella, Terry M. Boudreaux, District Attorney's Office, Parish of Jefferson, Gretna, for Plaintiff/Appellee, State of Louisiana.
Before BOWES, GOTHARD and CANNELLA, JJ.
BOWES, Judge.
The defendant was convicted of theft of goods valued between $100.00 and $500.00 in violation of La. R.S. 14:67.10, and he was sentenced to two years at hard labor with credit for time served. Pursuant to a multiple offender bill of information filed by the state, the trial court adjudicated the defendant to be a fourth felony offender. The court then vacated the previous sentence of two years and sentenced the defendant to twenty years at hard labor without benefit of probation or suspension of sentence, but with credit for time served. Defendants appeals. We affirm the conviction but vacate the adjudication as a multiple offender and remand for further proceedings.

FACTS
On the evening of August 19, 1994, the defendant, who was carrying a shopping bag, entered the stockroom of the Mervyn's Department Store located in the Oakwood Shopping Center. After placing 26 shirts valued at $277.77 in the bag, the defendant exited the stockroom and proceeded through the store's sales floor heading to one of the exits. When the defendant exited the store with the shopping bag, he was detained by Larry Bonds, a Mervyn's employee. Bonds escorted the defendant to an office located inside the store and reported the incident to the police. Subsequently, Officer Melancon of the Jefferson Parish Sheriff's Office arrived on the scene and arrested the defendant.

ISSUES ON APPEAL
On appeal, defendant alleges that the trial court erred in denying appellant's motion to quash the habitual offender bill of information. Specifically, the defendant argues that the application of the amended seven-year cleansing period of La. R.S. 15:529.1(C) violated the constitutional prohibitions against ex post facto laws because the underlying felony (theft of goods) occurred prior to the effective date of the amendment to La. R.S. 15:529.1(C). Therefore, the defendant urges this Court to vacate his multiple offender adjudication and sentencing and to remand the matter for a new multiple offender proceeding.
The defendant committed the underlying felony of theft of goods on August 19, 1994. At that time La. R.S. 15:529.1(C) provided as follows:
This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods.
[Emphasis supplied].
By Acts 1994, Third Extraordinary Session, No. 85, § 1, the legislature amended La. R.S. 15.529.1(C) by extending the cleansing period from five years to seven years.[1] The act did not become effective until August 27, 1994, eight days after the defendant committed the crime of theft of goods. The defendant was subsequently convicted of the theft of goods in November of 1994.
*1050 It is clear, from the transcript of the hearing on the motion to quash the multiple bill of information, that the trial court considered the date of the filing of the multiple bill, and not the date of the commission of the underlying offense, in determining that the amended version of La. R.S. 15:529.1(C) was applicable to defendant. In accordance with this conclusion, the trial court denied the motion to quash the multiple bill, conducted a hearing on the multiple bill and adjudicated the defendant to be a fourth felony offender.
Initially, we note that the Louisiana Supreme Court has stated that the multiple offender proceeding does not charge a new crime but is merely a method of increasing the punishment of second and subsequent offenders. The enhancement of the penalty for habitual offenders convicted of a new felony only addresses itself to the sentencing powers of the trial judge after conviction and has no functional relationship to the innocence or guilt of the instant crime. In other words, it is clear that the sentence in such cases is for the new crime only; it is simply more severe if the defendant is a habitual offender. State v. Walker, 416 So.2d 534, 536 (La.1982).
Accordingly, we believe that, in determining whether the application of the amendment to La. R.S. 15:529.1(C) would violate the prohibitions against ex post facto laws, the trial court should have considered the date of the commission of the underlying felony (theft of goods) as the date of the crime for ex post facto considerations and not the date of filing of the bill of information charging defendant as a multiple offender. The date of the commission of the underlying felony occurred prior to the effective date of the amendment to La. R.S. 15:529.1(C) at issue here.
Article I, Sec. 10 of the United States Constitution and La. Const. Art. I, Sec. 23 prohibit the ex post facto application of the criminal law by the state. Recently, in State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446, 448, the Louisiana Supreme Court stated the following:
... For a criminal or penal law to fall within this prohibition, it "must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). "Critical to relief under the Ex Post Facto clause," Weaver observes, "is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." Id. (emphasis supplied). The Ex Post Facto Clause therefore assures "that persons have fair notice of potential criminal punishment and will be able to rely for their conduct on the criminal law as it exists at the time of their acts." Prater v. United States Parole Comm'n, 764 F.2d 1230, 1239 (7th Cir.1985).
Additionally, in State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189, 1200-1201, the Louisiana Supreme Court stated the following regarding alleged violations of the prohibition against the enactment of any ex post facto law contained in Article I, § 23 of the Louisiana Constitution:
Current Louisiana cases address this issue by determining whether a law passed after the commission of an offense which in relation to that offense or its punishment alters the situation of a party to his disadvantage. To qualify as an ex post facto law under this inquiry, the suspect legislation: (1) must be passed after the date of the offense, (2) must relate to the offense or its punishment, and (3) must alter the situation of the accused to his disadvantage. See, e.g., Police Ass'n of New Orleans v. New Orleans, 94-1708 p. 21-22 (La.1/17/95), 649 So.2d 951, 966 (Under La.Const. art. I., § 23, "[a]n ex post facto law is one passed after the commission of an offense which in relation to that offense or its consequences alters the situation of a party to its disadvantage."); State ex rel. Turner v. Maggio, 463 So.2d 1304, 1307 (La.1985) ("Ex post facto changes in the substance of a criminal penalty cannot work to the disadvantage of the accused."); State ex rel. Bickman v. Dees, 367 So.2d 283, 291 (La.1978) ("Any law passed after the commission of an *1051 offense which ... alters the situation of a party to his disadvantage is an ex post facto law.")(quoting Calder v. Bull [3 U.S. 386, 1 L.Ed. 648 (1798)], supra); State v. Sepulvado, 342 So.2d 630, 635 (La.1977) ("An ex post facto law ... is one which is passed after the ... commission of an act, which retroactively changes the legal consequences of such fact."); State v. Ferrie, 243 La. 416, 144 So.2d 380, 382 (1962) ("An ex post facto law [is] one enacted after the offense has been committed and which in relation to it or its consequences alters the situation of the accused to his disadvantage."); State v. Caldwell, 50 La. Ann. 666, 670, 23 So. 869 (1898).
The amendment to La. R.S. 15:529.1(C) at issue, which extended the cleansing period in the instant case, became effective after the commission of the crime of theft of goods. Thus, as applied to this case, the amendment related to past conduct rather than future conduct. The amendment also related to the punishment for the theft of goods and altered the situation of the defendant to his disadvantage by eliminating his reliance on the five-year cleansing period to abate the collateral consequences of any earlier convictions. Compare State v. Rolen, supra, (which analyzed the situation in which the defendant commits the underlying offense after the effective date of the applicable amendment to La. R.S. 15:529.1(C)).
Accordingly, we hold that the amendment to La. R.S. 15:529.1(C), as applied to this defendant, violated the prohibitions against ex post facto laws and, therefore, the trial court erred by applying the seven-year cleansing period in adjudicating the defendant a fourth felony offender.
Accordingly, we vacate the defendant's adjudication and sentencing as fourth felony offender and remand the case for further proceedings. Since the principles of double jeopardy do not apply to an additional trial of the penalty enhancement statute, the defendant may be tried again as a multiple offender. See State v. McIntyre, 496 So.2d 1204 (La.App. 5 Cir.1986).
Defendant has also requested that this Court conduct a review of the record for errors patent. We have conducted such a review and find no patent errors to affect the conviction of the defendant.
For the above discussed reasons, the defendant's conviction is affirmed. The adjudication of defendant as a fourth felony offender and the sentence imposed in connection therewith is vacated and the case is remanded for a new multiple offender proceeding.
CONVICTION AFFIRMED; ADJUDICATION AS A MULTIPLE OFFENDER VACATED; AND CASE REMANDED.
NOTES
[1] The legislature subsequently extended the cleansing period La. R.S. 15:529.1(C)to ten years. See Acts 1995, No. 839, § 1.