794 So.2d 41 (2001)
STATE of Louisiana
v.
Clarence T. SMITH.
No. 00-KA-1935.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 2001.
Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Thomas S. Block, Assistant District Attorneys, Gretna, LA, Counsels for plaintiff-appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, Counsel for defendant-appellant.
*42 Court composed of Judges EDWARD A. DUFRESNE, Jr., CLARENCE E. McMANUS and JAMES C. GULOTTA, Pro Tempore.
JAMES C. GULOTTA, Judge, Pro Tempore.
Defendant, Clarence T. Smith, was convicted of possession of cocaine, a violation of LSA-R.S. 40:967(C). The trial judge sentenced him to imprisonment at hard labor for five years and recommended the Blue Water Drug Treatment Program. After a multiple offender hearing, the trial judge found the defendant to be a third felony offender, vacated the original sentence, and imposed a sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
On appeal, defendant does not challenge his conviction. Rather, he urges that his multiple offender sentence should be vacated because the Ex Post Facto clauses of the U.S. and Louisiana Constitutions mandate the use of the cleansing period in effect at the time of the predicate offenses, rather than the longer, ten-year cleansing period that was in effect at the time of the underlying offense. Finding no reversible error, we affirm the defendant's conviction and sentence.
On August 17, 1999, at approximately 8:00 p.m., Officers Clogher and DeSalvo of the Jefferson Parish Sheriffs Office observed a male subject, later identified as the defendant, straddling a bicycle in front of a known "crackhouse" at 7202 Mistletoe Street. It appeared to Officer Clogher that the man was involved in a hand-to-hand transaction with several females. Officer Clogher could not see what was being transferred, but based on his past experience, he concluded the transaction involved narcotics or money for prostitution. As the officers proceeded in their unmarked police car toward the crackhouse, the man quickly jumped on his bike and "frantically" pedaled away. The man continued to look back at the officers, and while he pedaled, he reached for his waistband. When the man turned the corner, Officer Clogher announced on his public address system that he was a police officer, and he told the man that he should stop pedaling the bicycle or get off the bicycle. Officer Clogher activated his emergency lights, flashing lights and siren.
Officer Clogher noticed that man was "rifling" through his right pocket, and it appeared to Officer Clogher that the man was trying to empty the contents of his pocket onto the street as he pedaled. Believing the discarded objects to be contraband, he stopped the car. Officer DeSalvo retrieved the objects, which were several pieces of crack cocaine and a credit card bearing the name "Edward Boudreaux." Meanwhile, Officer Clogher continued to follow the man, and after a foot-pursuit and struggle, the man was ultimately apprehended.

ASSIGNMENT OF ERROR NUMBER ONE
The multiple offender adjudication violated the ex post facto clause.

DISCUSSION
The defendant argues that trial judge's use of the ten-year cleansing period, which was in effect in 1999 at the time of the instant offense, violated the prohibition against ex post facto application of the law because the five-year cleansing period in effect at the time of his first predicate conviction in 1984 had elapsed when he committed his second predicate offense in 1990. The state responds that the trial court correctly applied the ten-year cleansing period.
Article 1, § 10 of the U.S. Constitution and Article 1, § 23 prohibit ex post facto *43 application of the criminal law by the State. The U.S. Supreme Court recently commented on the Ex Post Facto Clause in Rogers v. Tennessee, 532 U.S. ___, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001), 2001 U.S. LEXIS 3519 as follows:
The Clause provides simply that "no State shall ... pass any ... ex post facto Law." Art. I, § 10, cl. 1. The most well-known and oft-repeated explanation of the scope of the Clause's protection was given by Justice Chase, who long ago identified, in dictum, four types of laws to which the Clause extends:
"1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." Calder v. Bull, 3 Dallas [U.S.] 386, 390[, 1 L.Ed. 648] (1798) (seriatim opinion of Chase, J.)
See also California Dept. of Corrections v. Morales, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995); Collins v. Youngblood, 497 U.S. 37, 41-42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).
In this case, the trial judge found the defendant to be a third felony offender based on predicate convictions in 1984 and 1991. Until it was amended in 1994, LSA-R.S. 15:529.1, the habitual offender statute, provided for a cleansing period of five years. In 1994, LSA-R.S. 15:529.1 was amended to provide for a seven-year cleansing period, and in 1995, it was amended again to provide for a ten-year cleansing period.
This Court has held that the applicable cleansing period is the one in effect when the defendant committed the underlying offense. State v. Humphrey, 96-838 (La. App. 5 Cir. 4/29/97), 694 So.2d 1082, 1088, writ denied, 97-1461 (La.11/7/97), 703 So.2d 35; State v. Morgan, 96-588 (La. App. 5 Cir. 12/30/96), 686 So.2d 1048-1051. In Morgan, we observed that the Louisiana Supreme Court has recognized that a multiple offender proceeding does not charge a new crime, but is merely a method of increasing the punishment of subsequent offenders.
Further, we said that:
[t]he enhancement of the penalty for habitual offenders convicted of a new felony only addresses itself to the sentencing powers of the trial judge after conviction and has no functional relationship to the innocence or guilt of the instant crime. In other words, it is clear that the sentence in such cases is for the new crime only; it is simply more severe if the defendant is a habitual offender. State v. Walker, 416 So.2d 534, 536 (La.1982).
Other Louisiana appellate courts have likewise held that the applicable cleansing period is the one in effect when the underlying offense is committed. See State v. Boykin, 34,133 (La.App. 2 Cir. 12/6/00), 774 So.2d 1074; State v. Johnson, 32-910 (La.App. 2 Cir. 1/26/00), 750 So.2d 398, 407.
The Fourth Circuit has also held that the applicable enhancement statute is the one existing at the time of the commission of the underlying offense in State v. Brady, 97-1095 (La.App. 4 Cir. 2/3/99), 727 So.2d 1264, 1270-1271, State v. Brinson, 97-1471 (La.App. 4 Cir. 9/3/97), 699 So.2d *44 510, 511, and State v. Roach, 97-1852 (La. App. 4 Cir. 11/26/97), 706 So.2d 491, 493. See also State v. Chisolm, 99-1055 (La. App. 4 Cir. 9/27/00), 771 So.2d 205.
However, in an apparent departure from its prior jurisprudence, the Fourth Circuit in State v. Everett, 99-1963 (La.App. 4 Cir. 9/27/00), 770 So.2d 466, cited by defendant, held that applying the ten-year cleansing period, in effect at the commission of the underlying offense, to link the predicate offenses that occurred before the amendment would violate the Ex Post Facto Clause. In Everett, defendant was convicted of the first felony offense in 1984 and committed the second felony offense in 1993. No evidence was presented showing the defendant's discharge dates for the 1984 and 1993 convictions. The court stated that, assuming the defendant served his entire three-year sentence for the 1984 conviction, the five-year cleansing period in existence at the time he committed the 1993 offense would have expired. Thus, he could not have been adjudicated a second felony offender at the time of the 1993 offense.
Without distinguishing the prior Fourth Circuit jurisprudence, the Everett court used the five-year cleansing period in effect at the time of the commission of the 1993 predicate offense, and not the ten-year cleansing period in effect at the time of the commission of the underlying felony on September 5, 1998. The court held that, applying the ten-year cleansing period, which was enacted after defendant's prior offenses, to link prior offenses would violate the ex post facto clause.[1]
The defendant also cites State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446, 447 in support of his position. In Rolen, the defendant was convicted of second offense DWI, a violation of 14:98. At the time of Rolen's first DWI conviction, that statute provided for an enhanced sentence upon a second violation of the statute when five years had not elapsed between the first conviction and the commission of the second offense. However, subsequent to the expiration of that five-year period following Rolen's conviction, LSA-R.S. 14:98(F) was amended to extend the cleansing period to ten years.
The Louisiana Supreme Court held that the application of the ten-year period was not barred by the ex post facto clauses of the U.S. or Louisiana Constitutions. The Rolen court further held that the application of the amended cleansing period was not otherwise fundamentally unfair, since Rolen had been put on notice that the law had been changed at the time he committed the second offense and that he could no longer rely on the former five-year cleansing period. The Rolen court further explained that "the relevant `offense' is the current crime, not the predicate crime" when analyzing the ex post facto implications of repeat offender statutes and statutes that increase the penalties for future crimes based on past crimes. Id. at 448.
Notwithstanding the above, the defendant focuses on the following language from Rolen:
For a criminal or penal law to fall within this prohibition, it "must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). (Emphasis added).
The defendant relies on this language in Rolen to argue that applying the ten-year cleansing period to his 1984 conviction operates *45 to his disadvantage, since the five-year period in effect in 1984 had elapsed by the time he committed the next offense in 1990. However, the Louisiana Supreme Court recently narrowed the focus of ex post facto analysis in Louisiana in State ex rel. Olivieri v. State, 00-0172, 00-1767 (La.2/21/01), 779 So.2d 735. While the court recognized that Louisiana jurisprudence had previously focused ex post facto analysis on whether the change in a law operates to the disadvantage of an individual, the Olivieri court adopted the current federal approach to ex post facto analysis, which is whether the law alters the definition of criminal conduct or increases the penalty. Id. at 743-744. Therefore, we decline to follow State v. Everett, and we adhere to our previous holdings that the applicable cleansing period is the one in effect at the time of the commission of the underlying felony.
In the instant case, the underlying felony occurred on August 17, 1999, after the 1995 effective date of the amendment to LSA-R.S. 15:529.1(C) that extended the cleansing period to ten years. Here, less than ten years elapsed between defendant's conviction for the first offense, July 16, 1984, and the commission of the second offense in 1990, and less than ten years elapsed between that offense and the underlying offense in 1999. At the time he committed the underlying offense in 1999, defendant was on notice that he could no longer rely in the former five-year cleansing period. For the foregoing reasons, we reject the defendant's ex post facto claim.
We have reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990), and have found two patent errors. The transcript indicates that the trial judge did not inform defendant of the prescriptive period for post-conviction relief as required by LSA-C.Cr.P. art. 930.8, despite the commitment which states otherwise. The transcript controls. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Therefore, we remand and instruct the trial court to advise defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of its opinion and to file written proof that defendant received the notice in the record of the proceedings. State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975.
Additionally, the commitment indicates that the defendant pled guilty to possession of cocaine, but the transcript reflects that he was convicted by a jury. On remand, the trial court is to correct the commitment to reflect that the defendant was found guilty as charged by a jury.
Accordingly, the defendant's conviction and sentence are hereby affirmed.
AFFIRMED; REMANDED.
NOTES
[1] As of the date of our opinion, the state's writ application in Everett is still pending before the Louisiana Supreme Court.