800 So.2d 973 (2001)
STATE of Louisiana
v.
Keith A. BARNES.
No. 01-KA-489.
Court of Appeal of Louisiana, Fifth Circuit.
October 17, 2001.
*974 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Bradley R. Burget, *975 Assistant District Attorneys, Gretna, LA, Counsel for the State.
Jane L. Beebe, Gretna, LA, Counsel for appellant.
Court composed of Judges SOL GOTHARD, WALTER J. ROTHSCHILD and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
The defendant appeals the imposition of a mandatory life imprisonment sentence after he was adjudicated a third felony offender. Because we find that the sentence imposed was not constitutionally excessive, the sentence is hereby affirmed.

STATEMENT OF THE CASE
On March 14, 2000, defendant, Keith Barnes, was convicted of theft of goods valued between $100.00 and $500.00 in violation of LSA-R.S. 14:67.10. He was sentenced to two years at hard labor. Thereafter, the State filed a multiple offender bill of information alleging defendant to be a third felony offender based on a prior 1980 armed robbery conviction and prior 1998 theft conviction. After a hearing, the trial judge determined defendant was a third felony offender and sentenced him to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence.
Defendant appealed his conviction and sentence alleging the State failed to prove he was a third felony offender and that his life sentence was excessive. This Court affirmed defendant's adjudication as a third felony offender but did not address the issue of the excessiveness of his sentence because of a sentencing error that required a remand.[1] In particular, the trial court failed to vacate defendant's original two-year sentence prior to sentencing defendant to life imprisonment as a multiple offender. As such, this Court vacated defendant's enhanced life sentence and remanded the matter for resentencing.
On February 23, 2001, pursuant to this Court's remand, the trial court vacated defendant's original two-year sentence for his theft conviction and imposed an enhanced sentence of life imprisonment without the benefit of parole, probation or suspension of sentence. Defendant appeals his enhanced sentence as excessive.

FACTS
On May 22, 1999, the defendant was arrested for shoplifting at a Wal-Mart store in Jefferson Parish. The defendant was spotted in the electronics department grabbing large Wal-Mart bags. These bags were used only for customers' purchases. He was questioned by an employee, and responded that he used the bags for trash. The defendant threw the bags on a counter and left that department. A security officer at Wal-Mart was alerted, and the officer began following and observing the defendant. The officer saw the defendant place several items of merchandise into bags. The defendant attempted to leave the store by exiting through the entrance doors. The security officer detained the defendant in the store parking lot. The items taken were valued at $188.22.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues his mandatory life sentence as a third felony offender is excessive and disproportionate to the severity of his crime. He also argues the trial *976 court failed to articulate reasons for the sentence imposed as mandated by LSC.Cr.P. art. 894.1.
While defendant filed a motion to reconsider sentence when the first enhanced sentence was imposed, defendant failed to file a motion to reconsider sentence when he was resentenced on remand. Under LSA-C.Cr.P. art. 881.1, a defendant must either orally move for reconsideration of his sentence at the time of sentencing or file a written motion to reconsider his sentence setting forth the specific grounds on which the motion is based. Where a defendant merely objects to the excessiveness of the sentence without stating the specific grounds for his objection, he is limited to a bare review of the sentence for constitutional excessiveness. State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103, writ denied in State v. Patterson, 99-3217 (La.4/20/00), 760 So.2d 342. In the present case, defense counsel merely stated, "Note my objection to the excessive sentence." Thus, because defense counsel failed to move for reconsideration of sentence or to state specific grounds upon which his objection was based, he is limited to a bare review of his sentence for constitutional excessiveness.
Defendant, age 39, was sentenced to life imprisonment after being adjudged a third felony offender based on two prior convictions for armed robbery and theft. Because one of his prior convictions was a crime of violence under LSA-R.S. 14:2(13), his life sentence was mandated under LSA-R.S. 15:529.1(A)(1)(b)(ii).
Both the United States and the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. U.S. Const. Amend. 8; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. If the trial judge finds that an enhanced punishment mandated by the Habitual Offender Law, LSA-R.S. 15:529.1, makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the court has the option and duty to reduce such sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993).
It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the present case that would rebut the presumption of constitutionality. Id. The burden is on the defendant to rebut the presumption of constitutionality by showing exceptional circumstances. We note that the Louisiana Supreme Court has strongly emphasized that downward departures from a mandatory minimum sentence should only occur in rare situations. State v. Lindsey, supra; State v. Johnson, 709 So.2d at 677.
In the present case, defendant offered no evidence at sentencing to rebut the presumption of the constitutionality of the mandatory life sentence. Rather, defendant merely "reurged" the Dorthey argument that was made at the initial multiple offender sentencing. Defense counsel asked the court to take into consideration the fact 1) defendant was young at the time of his first offense, 2) had served 16 years for his first offense, and 3) his two *977 subsequent offenses were minor. At the multiple offender sentencing hearing, defendant urged the court to also take into consideration the fact he was a crack addict and the fact he never hurt anyone during the commission of his crimes.
In refusing to deviate from the mandatory life sentence, the trial judge stated:
I realize the implication here with the individual being sentenced to prison for the balance of his life. However, the court is of the opinion that there has not been a sufficient showing to invoke the provision of, "State versus Dorthey."
The defendant apparently has not shown any indication to stop his life of crime as events [sic] by these two convictions after he was released from the department of corrections. The court will take into consideration the statement that he was on crack when these were committed. However, that indicates to the court that there was in fact other crimes committed. If he was on crack, the possession of cocaine is another crime under our law.
A record of non-violent offenses cannot be the only reason or even the major reason for declaring a life sentence under the Habitual Offender Law excessive. State v. Lindsey, 770 So.2d at 344; State v. Johnson, 709 So.2d at 676. In addition, in State v. Baker, 00-1050 (La.App. 5 Cir. 11/15/00), 776 So.2d 1212, 1218-1219, this Court determined that a record of nonviolent offenses coupled with the fact defendant was an admitted drug addict was insufficient to rebut the presumption of the constitutionality of defendant's enhanced life sentence under the multiple offender statute. Obviously, the 16 years defendant previously served for his first offense of armed robbery was not enough to deter defendant from a life of crime. This is evident especially considering the fact defendant started committing felonies again shortly after his release from the correctional center. As stated by both sentencing judges, defendant is the exact offender for which the multiple offender statute was designed. Because defendant failed to offer any evidence to rebut the presumption of the constitutionality of his enhanced life sentence, his sentence cannot be found excessive.

ASSIGNMENT OF ERROR NUMBER TWO
Appellant requests, pursuant to La. C.Cr.P. art. 920, a review of the record for errors patent. As requested, the record was reviewed for errors patent and revealed that upon resentencing defendant on remand, the transcript shows the trial court failed to advise defendant of the prescriptive period for post-conviction relief as mandated by LSA-C.Cr.P. art. 930.8. Therefore, we order the district court send written notice of the prescriptive period to defendant within ten days of rendering of this Court's opinion and to file written proof in the record that defendant received said notice. State v. Joseph, 99-1161 (La.App. 5 Cir. 3/22/00), 759 So.2d 141, 145.

CONCLUSION
For the reasons stated above, we find that the defendant's sentence is not constitutionally excessive. The sentence is affirmed. Further, we remand so that the trial court may correct the specified errors patent.
AFFIRMED AND REMANDED TO CORRECT ERRORS PATENT.
NOTES
[1] State v. Barnes, 00-1389 (La.App. 5 Cir. 1/30/01), 786 So.2d 985. [Opinion was not designated for publication].