817 So.2d 223 (2002)
STATE of Louisiana
v.
Maurice HARBOR.
No. 01-KA-1261.
Court of Appeal of Louisiana, Fifth Circuit.
April 10, 2002.
*225 Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, LA, for Appellant, Maurice Harbor.
MAurice Harbor, Angola, LA, Defendant in Proper Person.
Paul D. Connick, Jr., District Attorney, State of Louisiana, Terry Boudreaux-Appellate Counsel, Thomas S. Block-Trial Counsel, Allison Monohan-Trial Counsel, Assistant District Attorneys, Gretna, LA, for Appellee, State of Louisiana.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and MARION F. EDWARDS.
JAMES L. CANNELLA, Judge.
The Defendant, Maurice Harbor, was found to be a fourth felony offender and sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.
The Defendant was charged with possession of a stolen 1993 Chevy pickup truck belonging to Marshall Fleming, valued at more than $500, a violation of La. R.S. 14:69. He was convicted as charged by a six person jury on March 2, 2000 and sentenced to five years imprisonment at hard labor. The State filed a habitual offender bill of information alleging the Defendant to be a fourth felony offender. The Defendant filed objections to the bill of information. After the hearing on January 17, 2001, the trial judge found the Defendant to be a fourth felony offender, vacated the original sentence and sentenced him to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. He appeals from this finding and enhanced sentence. We affirm.
We pretermit discussion of the underlying facts because they are set forth in detail in State v. Harbor, 00-1258 (La.App. 5th Cir.11/28/00), 775 So.2d 1082, and because they are not necessary to determine the issues in this appeal.
On appeal, counsel for the Defendant asserts that the enhanced sentence is constitutionally excessive. The Defendant filed a pro se appellate brief, asserting, in addition, that the trial judge erred in permitting a 1987 conviction to be used as one of the four felony offenses and that the State failed to prove that any one of the offenses was a crime of violence.

EXCESSIVE SENTENCE
The Defendant argues that his mandatory life sentence as a fourth felony offender is constitutionally excessive because he is a drug addict in need of treatment and not incarceration. He contends that the life sentence is harsh, especially considering the recent legislation acknowledging the high cost of incarcerating addicts and recognizing that society benefits more by offering alternative programs to treat drug addiction. He also asserts that the trial judge failed to adequately consider the guidelines of La.C.Cr.P. art. 894.1. The State responds that the sentence is statutorily permissible and that the Defendant has not shown an abuse of discretion in sentencing.
At the habitual offender hearing, the State introduced evidence showing that the Defendant previously pled guilty in September of 1999 to possession of cocaine, in July of 1995 to being a convicted felon in possession of a firearm and in May of 1987 to possession with the intent to distribute marijuana. During the hearing, the Defendant testified that, although he had pled *226 guilty to possession with intent to distribute marijuana, he was sentenced for simple possession and that the amount of marijuana was 62 hand-rolled cigarettes. He further alleged that, although he pled guilty to simple possession of cocaine, the cocaine charge was based on residue and that, when he pled guilty to the cocaine charge, he did not realize that he was pleading guilty to possession of cocaine. He contends that he thought he was pleading guilty to possession of drug paraphernalia. The Defendant admitted that, prior to pleading guilty on all three previous charges, he had been advised of his rights by his attorney and had initialed the waiver of rights forms. However, the Defendant contends that he is a drug user and not a criminal.
After the trial judge vacated the original sentence and sentenced the Defendant to life imprisonment, the Defendant made a general oral objection to the sentence. The trial judge denied the motion for reconsideration of the sentence, stating that the sentence was mandatory and that he had no discretion in sentencing the Defendant to life imprisonment.
The Defendant's oral objection to the sentence was not specific, as required by La.C.Cr.P. art. 881.1. That article provides that a defendant may file a motion to reconsider sentence within 30 days of sentencing and that the motion can be made orally at the time of sentencing, or in writing thereafter, but it must set forth the specific grounds on which the motion is based. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes a defendant from raising those grounds on appeal. State v. Mims, 619 So.2d 1059, 1060 (La.1993); State v. Holmes, 94-907 (La.App. 5th Cir.3/15/95), 653 So.2d 642, 646. However, we are authorized to review the sentence for constitutional excessiveness, although we need not address any other allegations of sentencing errors. See: State v. Tribbit, 00-153 (La.App. 5th Cir.8/29/00), 767 So.2d 901, 903; State v. Stec, 99-633 (La.App. 5th Cir.11/30/99), 749 So.2d 784, 789, and State v. Richmond, 98-1015 (La.App. 5th Cir.3/10/99), 734 So.2d 33, 38.
Both the United States and Louisiana constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. Amend. 8 La. Const. of 1974, Art. I, Sect. 20; Richmond, 734 So.2d at 38. A sentence is generally considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992), Richmond, 734 So.2d at 38. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. However, the sentence will not be set aside, absent a showing of manifest abuse of the trial court's wide discretion to sentence if it is within statutory limits. La.C.Cr.P. art. 881.4(D); Richmond, 734 So.2d at 38. Nonetheless, a sentence may be reviewed for excessiveness even though it is within statutory range. Richmond, 734 So.2d at 38.
When the sentence is mandatory under the habitual offender law, it is presumed to be constitutional. State v. Johnson, 97-1906, p. 7 (La.3/4/98), 709 So.2d 672, 676; State v. Barnes, 01-489, p. 2 (La.App. 5th Cir.10/17/01), 800 So.2d 973. However, a court may depart from the mandatory sentence if it finds clear and convincing evidence in the record that rebuts the presumption of constitutionality. Johnson, at p. 8, 709 So.2d at 676.
The burden is on the Defendant to rebut the presumption of constitutionality by showing:

*227 [he] is exceptional, which in this context means that because of unusual circumstances this Defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
Johnson, at p. 8, 709 So.2d at 676, quoting State v. Young, 94-1636, pp. 5-6 (La. App. 4th Cir.10/26/95), 663 So.2d 525, 528, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223. The Louisiana Supreme Court has cautioned that downward departures from mandatory minimum sentences should only be made in rare cases. State v. Lindsey, 99-3256, p. 5 (La.10/17/00), 770 So.2d 339, 343; Johnson, p. 8, 709 So.2d at 676-677.
On January 17, 2001, the Defendant was sentenced as a fourth felony offender under La.R.S. 15:529.1(A)(1)(c)(ii). At the time of the commission of this offense and his sentence as a fourth felony offender, R.S. 15:529.1(A)(1)(c)(ii) provided as follows:
If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or of any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.[1]
Although the trial judge must impose a mandatory life sentence when one of the offenses used to enhance the sentence is either a crime of violence under R.S. 14:2(13), a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years, or a crime punishable by imprisonment for more than twelve years, if the sentence is constitutionally excessive, he has the option and duty to reduce the sentence to one that would not be constitutionally excessive. This is determined by whether the mandated life sentence makes no "measurable contribution to acceptable goals of punishment" or the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime." Dorthey, 623 So.2d at 1280.
In this case, the Defendant offered no evidence in the sentencing hearing to rebut the presumption of the constitutionality of the mandatory life sentence, other than claiming that he was a drug user and not a criminal. However, a record of non-violent offenses cannot be the only reason or even the major reason for declaring a life sentence under the habitual offender law to be excessive. State v. *228 Lindsey, 99-3256 (La.10/17/00), 770 So.2d 339, 344; State v. Baker, 00-1050 (La.App. 5th Cir.11/15/00), 776 So.2d 1212, 1218-1219; State v. Johnson, 709 So.2d at 676. Thus, we find that the Defendant in this case has not met his burden of rebutting the presumption of constitutionality. See: State v. Brown, 01-160 (La.App. 5th Cir.5/30/01), 788 So.2d 667.
Furthermore, the record does not show that the Defendant is the type of offender contemplated by the Louisiana Supreme Court in Dorthey, warranting a downward deviation from the mandatory sentence. Consequently, we find that reduction from the mandatory sentence is not warranted in this case.

PRO SE ASSIGNMENTS

A) Cleansing period:
The Defendant first argues in his pro se brief, that the trial court erred in sentencing him as a fourth felony offender, because the State did not prove that the cleansing period had elapsed between the convictions. He contends that the trial judge erroneously applied the ten-year cleansing period, which was in effect in 1999 at the time of the instant offense, and that this application violated the prohibition against ex post facto application of the law. The Defendant asserts that the five-year cleansing period, in effect at the time of his first felony conviction in 1987, is applicable and that it had elapsed when he committed the second felony in 1995. He cites State v. Everett, 99-1963 (La.App. 4th Cir.9/27/00), 770 So.2d 466 and State v. Lewis, 00-0524 (La.App. 4th Cir.3/7/01), 782 So.2d 662 to support his position.
Although the Defendant filed a written response to the habitual offender bill of information, he did not raise these objections in the response or during the habitual offender hearing. Ordinarily, the issue would not be properly preserved for appellate review. La.R.S. 15:529.1(D)(1)(b); State v. Radecker, 98-434 (La.App. 5th Cir.11/25/98), 722 So.2d 1093, 1095, writ denied, 99-0031 (La.4/30/99), 741 So.2d 11. However, the absence in the record of sufficient evidence to meet the State's burden of proof of the facts supporting the habitual bill of information, particularly in regard to cleansing, is an error reviewable on appeal and does not require an objection by the Defendant. State v. Raymond, 98-119 (La.App. 5th Cir.8/25/98), 718 So.2d 1010, 1013; State v. Brown, 98-938 (La.App. 5th Cir.3/10/99), 732 So.2d 566, 568. Therefore, we will address the issue.
Predicate convictions from 1987, 1995 and 1999 were used to enhance the Defendant's sentence in this case. Until it was amended in 1994, La.R.S. 15:529.1, the habitual offender statute, provided for a cleansing period of five years. In 1994, the cleansing period was increased to seven years, and in 1995, to ten years.
In State v. Smith, 00-1935 (La.App. 5th Cir.5/30/01), 794 So.2d 41, we held that the applicable cleansing period is the one in effect when the defendant committed the last of the offenses used to enhance the sentence, because a habitual offender proceeding does not charge a new crime, but is merely a method of increasing the punishment of habitual offenders. See also: State v. Humphrey, 96-838 (La.App. 5th Cir.4/29/97), 694 So.2d 1082, 1088, writ denied, 97-1461 (La.11/7/97), 703 So.2d 35. Other Louisiana appellate courts have also held that the applicable cleansing period is the one in effect when the underlying, or last offense, is committed. See: State v. Boykin, 34,133 (La.App. 2nd Cir.12/6/00), 774 So.2d 1074; State v. Brady, 97-1095 (La.App. 4th Cir.2/3/99), 727 So.2d 1264, 1270-1271. See also: State v. Chisolm, 99-1055 (La.App. 4th Cir.9/27/00), 771 So.2d 205.
*229 In a departure from its prior jurisprudence, the Fourth Circuit Court of Appeal, in State v. Everett, 99-1963 (La.App. 4th Cir.9/27/00), 770 So.2d 466, applied the cleansing period in effect at the time of the commission of the predicate offense(s), rather then when the last offense was committed. Another panel of the Fourth Circuit followed that decision in State v. Lewis, 00-0524 (La.App. 4th Cir.3/7/01), 782 So.2d 662. However, in Smith, this Court declined to follow Everett, stating:
However, the Louisiana Supreme Court recently narrowed the focus of ex post facto analysis in Louisiana in State ex rel. Olivieri v. State, 00-0172, 00-1767 (La.2/21/01), 779 So.2d 735. While the court recognized that Louisiana jurisprudence had previously focused ex post facto analysis on whether the change in a law operates to the disadvantage of an individual, the Olivieri court adopted the current federal approach to ex post facto analysis, which is whether the law alters the definition of criminal conduct or increases the penalty. Id., at 743-744. Therefore, we decline to follow State v. Everett, and we adhere to our previous holdings that the applicable cleansing period is the one in effect at the time of the commission of the underlying felony.
Smith, 794 So.2d at 45.
Since Lewis was based on Everett, we decline to follow it as well as Everett. Accordingly, we find that the trial court did not err in using the ten year cleansing period in effect in 1999, at the time of the instant offense, rather than the five-year cleansing period in effect at the time of the Defendant's first predicate conviction in 1987.

B) Applicability of LA.R.S. 15:529.1(A)(2)(c)(ii):
Defendant next argues that the trial court erred in finding him to be a fourth felony offender under La.R.S. 15:529.1(A)(2)(c)(ii), because the State failed to prove his current or prior conviction was a crime of violence as defined in La.R.S. 14:2(13).
At the time the underlying offense was committed, November 15, 1999, La.R.S. 15:529.1(A)(2)(c)(ii) provided as follows:
If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or of any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The three felonies used to find the Defendant to be a fourth felony offender were: 1) possession of cocaine, a violation of La.R.S. 40:967 C; 2) being a convicted felon in possession of a firearm, a violation of La.R.S. 14:95.1; and 3) possession with intent to distribute marijuana, a violation of La.R.S. 40:966 A.
None of the predicate offenses are a crime of violence, as defined in R.S. 14:2(13), and neither the possession of cocaine, nor the convicted felon in possession of a firearm conviction meet the other requirements of La.R.S. 15:529.1(A)(2)(c)(ii).[2] However, the earliest *230 predicate offense was the possession with intent to distribute marijuana. The Defendant mistakenly refers to this conviction as "possession of marijuana." In 1987, a conviction for possession with intent to distribute marijuana was "imprisonment at hard labor for not more than ten years and payment of a fine of not more than fifteen thousand dollars." Thus, it was "punishable for more than five years." Consequently, we find that the trial judge did not err in sentencing the Defendant to life imprisonment as a fourth offender under La.R.S. 15:529.1(A)(2)(c)(ii).

PATENT ERROR
We have reviewed the record for patent errors, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Perrilloux, 99-1314 (La.App. 5th Cir.5/17/00), 762 So.2d 198, 206. After our review, we find none.
Accordingly, the Defendant's enhanced conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] Effective June 15, 2001, La.R.S. 15:529.1(A)(1)(c)(ii) was amended by 2001 La. Acts, No. 403 and now states:

If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation or suspension of sentence.
A review of the amendment reveals that the sentencing guidelines are not as stringent as they previously were relative to a prior drug offense. However, the amendment to this provision was specified to have "prospective effect" only. 2001 La. Acts, No. 403, § 6.
[2] When the Defendant pled guilty to possession of cocaine in 1999, the punishment was imprisonment, with or without hard labor, for not more than five years. See: La.R.S. 40:967 C(2). Thus, although a violation of the Uniform Controlled Dangerous Substances Law, it was not punishable by imprisonment for more than five years, nor was it "any other crime punishable by imprisonment for more than twelve years." The firearm conviction in February of 1995 carried a penalty of imprisonment at hard labor for not less than three nor more than ten years, without the benefit of probation, parole or suspension of sentence. La.R.S. 14:95.1(B). It was not a drug violation and the penalty was not more than 12 years.