875 So.2d 1018 (2004)
STATE of Louisiana
v.
Jamie SIMMONS.
No. 03-KA-1458.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 2004.
*1019 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Cameron M. Mary, Vincent Paciera, Jr., Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Holli Herrle-Castillo, Louisiana Appellate Project, Marrero, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
SOL GOTHARD, Judge.
Defendant, Jamie Simmons, was convicted of two counts of armed robbery in violation of LSA-R.S. 14:64, and was sentenced to twenty years at hard labor on each count. Pursuant to a multiple bill filed by the State, the court vacated the twenty year sentence as to the second conviction, and imposed an enhanced sentence of imprisonment without benefit of parole, probation, or suspension of sentence. Defendant now appeals from his conviction and sentence.

FACTS
Michelle Navarro testified that, on the night of May 7, 2002, she was employed as a clerk at Video Plus, a video store on Barataria Boulevard in Marrero. At 10:00, Ms. Navarro and a co-worker, Twee Nguyen, were alone in the store, with the exception of two men who appeared to be customers. One of the men approached Ms. Navarro to request a title he said he was unable to find. Ms. Navarro located the videotape and handed it to Ms. Nguyen, who walked toward the cash register to ring up the rental.
*1020 One of the two men walked around to the employee side of the checkout counter, and Ms. Navarro told him he was not allowed to be there. The man told her, "You need to get to the back of the store right now." Ms. Navarro turned to see that the second man was pointing a gun at Ms. Nguyen, and Ms. Nguyen was putting money from the cash register into a bag. Ms. Navarro walked to the back of the store as directed. As she did so, she activated a panic alarm she was wearing on her person. Police arrived two minutes later, but the perpetrators had already left the scene.
At trial, Ms. Navarro identified defendant as the man who ordered her to the back of the store. She testified that defendant did not have a gun at the time of the robbery.
On May 20, 2002, Brandy Byrum and Leah Souvinette were employed as clerks at a Baskin-Robbins ice cream parlor on Lapalco Boulevard in Gretna. Ms. Souvinette testified that, at 6:20 p.m., defendant entered the store with a gun in his hand. He said, "This is a robbery. Don't touch anything. If ya'll touch anything, I'm going to shoot ya'll one by one." Defendant ordered Ms. Souvinette to give him money in the store's cash register. She gave defendant all the money in the register.
Ms. Byrum testified that police investigated the incident. She informed officers that the store was equipped with a video surveillance camera. Detective Jeffrey Rodrigue of the Jefferson Parish Sheriff's Office testified that the robbery was depicted on videotape. Rodrigue further testified that still photographs of the perpetrator were taken from the videotape and were shown on local television newscasts and in the newspaper. Based on information obtained from the public, he compiled two photographic lineups that included pictures of defendant.
On May 22, 2002, Detective Rodrigue presented a photographic lineup to Ms. Byrum and Ms. Souvinette. They both identified defendant as the man who robbed them at Baskin-Robbins. On the same day, the detective presented Ms. Navarro with a photographic lineup. She identified defendant as one of the perpetrators of the Video Plus robbery.
Defendant surrendered to police on June 3, 2002. Detective Rodrigue advised defendant of his rights, and defendant said he wished to waive his rights and make a statement. Defendant asked that he be allowed to speak with the assistant district attorney who would be handling his case.
Walter Amstutz, a Jefferson Parish assistant district attorney, testified that he met with defendant on defendant's request. Amstutz advised defendant of his rights, and defendant admitted to his involvement in the robberies at Video Plus and Baskin-Robbins.

ANALYSIS
In his first allegation of error, the defendant argues that the trial court erred in denying the motion to sever. Defendant argues the jury was adversely influenced by the state's presentation of both counts at the same trial.
The record reflects that the bill of information filed by the Jefferson Parish District Attorney charged defendant with three counts of armed robbery. Thereafter, defendant filed a Motion to Sever, in which he moved the court to sever the three armed robbery charges for trial. The state agreed to sever count two, and to proceed to trial only on counts one and three. The court approved the severance of count two, and denied defendant's Motion to Sever as to the remaining two counts, which form the basis for this appeal.
*1021 In this appeal, defendant complains that the offenses charged in counts one and three were not sufficiently similar to justify a joint trial. Defendant further argues that he was prejudiced by the joinder of the two offenses for trial in that the jury's decision as to each charge was tainted by evidence of the other offense. Defendant moves this Court to vacate his convictions and to remand the matter for a new trial.
LSA-C.Cr.P. art. 493, pertaining to the joinder of offenses, provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
Even where multiple offenses may be joined under Article 493, LSA-C.Cr.P. art. 495.1 provides:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
A defendant has a substantial burden of proof when he alleges a prejudicial joinder of offenses. State v. Lyles, 03-141, p. 8 (La.App. 5 Cir. 9/16/03), 858 So.2d 35, 44. A motion to sever is addressed to the sound discretion of the trial court, and the court's ruling should not be disturbed on appeal absent a showing of an abuse of discretion. State v. Deruise, 98-0541, p. 7 (La.4/3/01), 802 So.2d 1224, 1232, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001); Lyles, 03-141 at p. 9, 858 So.2d at 44-45.
In determining whether two charged offenses should be severed for trial, the trial court should consider: (1) whether the jury would be confused by the various counts; (2) whether the jury would be able to segregate the various charges and evidence; (3) whether the defendant would be confounded in presenting his various defenses; (4) whether the crimes charged would be used by the jury to infer a criminal disposition; and (5) whether the charging of several crimes would make the jury hostile. Deruise, supra.
Since defendant was tried on only two counts, it is unlikely that the jury was confused by the state's evidence. The evidence adduced at trial was uncomplicated. In both instances, two female store clerks were robbed at gunpoint. The victims testified chronologically, and each victim testified only as to one offense. The crime scenes were distinguished from each other through the use of photographs. A separate photographic lineup was used for each of the two offenses, and three of the four victims made in-court identifications of defendant. Moreover, the jury was presented with a separate verdict sheet for each count. Each verdict sheet listed the names of the two alleged victims of that offense. See, State v. Welch, 03-905, p. 3 (La.App. 5 Cir. 11/25/03), 864 So.2d 204, 208.
Defendant argues that he was prejudiced in that the jury used the evidence as to one crime to infer guilt as to the other crime, and the evidence was used to invoke hostility toward him. He points out that he admitted his involvement in the Baskin-Robbins robbery to Detective Rodrigue, but that he denied having participated in the Video Plus robbery. However, the *1022 evidence shows that defendant admitted to both robberies during his interview with assistant district attorney Walter Amstutz.
Considering the simplicity of the facts, the orderly presentation of evidence, the positive identification of defendant by all of the victims, and defendant's own admissions, we do not find that defendant was prejudiced by the joinder of the two offenses. This allegation of error lacks merit.
In his second assignment of error, defendant alleges that his habitual offender sentence of life imprisonment is unconstitutionally excessive. He argues that the trial court failed to take various mitigating factors into account in imposing sentence.
The Louisiana Supreme Court has held that the applicable sentencing scheme is the one in effect at the time the offense is committed. State v. Sugasti, 01-3407, p. 5 (La.6/21/02), 820 So.2d 518, 521. On May 20, 2002, when the instant offense was committed, LSA-R.S. 15:529.1(A)(1)(b)(ii) provided:
If the third felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The defendant's two prior convictions were for simple robbery[1] and possession of cocaine with intent to distribute. The foregoing subpart mandated that the trial court impose a life sentence. Those offenses, as well as the underlying offense, are crimes of violence.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Johnson, 97-1906, p. 6 (La.3/4/98), 709 So.2d 672, 676; State v. Dupre, 03-256, p. 8 (La.App. 5 Cir. 5/28/03), 848 So.2d 149, 153. The Louisiana Supreme Court has recognized, however, that a mandatory minimum sentence under the Habitual Offender Law may be reviewed for constitutional excessiveness. Johnson, supra.
A court may depart from the statutory minimum sentence if it finds clear and convincing evidence in the record that rebuts the presumption of constitutionality. Id.; State v. Harbor, 01-1261, p. 5 (La.App. 5 Cir. 4/10/02), 817 So.2d 223, 226, writ denied, 02-1489 (La.5/9/03), 843 So.2d 388. The burden is on the defendant to rebut the presumption of constitutionality by showing he is exceptional, i.e., because of unusual circumstances, this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of each case. Johnson, supra.
If the trial court finds clear and convincing evidence that justifies a sentence below the mandatory minimum, the *1023 court cannot impose whatever sentence it feels is appropriate. Rather, the trial court must impose the longest sentence that is not constitutionally excessive. State v. Johnson, 97-1906 at p. 8, 709 So.2d at 677; State v. Simmons, 02-960, p. 6 (La.App. 5 Cir. 1/28/03), 839 So.2d 239, 244, writ denied, 03-0841 (La.10/31/03), 857 So.2d 473. The Supreme Court has cautioned that downward departures from mandatory sentences should only be made in rare cases. State v. Johnson, 97-1906 at p. 8, 709 So.2d at 676-677.
Defendant herein did not attempt to demonstrate below any exceptional circumstances to support a departure from the statutory minimum. In fact, he did not make any argument in the district court with regard to a downward departure in sentencing. He has, therefore, failed to carry his burden under Johnson. We have no basis for finding that the habitual offender sentence is excessive. This assignment of error lacks merit.
We have reviewed the record for errors patent, pursuant to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and note the following.
While the state alleged in its habitual offender bill of information that defendant pled guilty to four counts of armed robbery on August 19, 1991, the documentary evidence presented at the habitual offender hearing shows that defendant actually pled guilty to the lesser offense of simple robbery. Neither defendant nor the judge noted the error at the time of the hearing, and defendant does not raise it on appeal.
We find that the error is harmless. The provisions of the Habitual Offender Law mandating a life sentence for third offenders applied to defendant regardless of whether his prior conviction was for armed robbery or simple robbery. Both offenses are felonies, and both are defined as crimes of violence under LSA-R.S. 14:2(13). The habitual offender bill provided the correct date and case number for the predicate conviction, and it was apparent to which predicate conviction the bill referred. See, State v. Stevenson, 02-769 (La.App. 5 Cir. 1/28/03), 839 So.2d 340, writ denied, 03-0833 (La.10/31/03), 857 So.2d 472.
The record fails to reveal any patent error which requires our attention.
For the above discussed reasons, the defendant's conviction and sentences are affirmed.
AFFIRMED.
NOTES
[1] Although the multiple bill alleges that the defendant pled guilty to four counts of armed robbery, the documentary evidence shows that the defendant actually pled guilty to the lesser offense of simple robbery. See Error Patent review discussion, infra.